### MESSENGER v. TEAGAN.

### ENGEL v. WAYNE CIRCUIT JUDGE.

1. Constitutional Law—Detroit Justices' Act—Sufficiency of Title.

    Act No. 460, Local Acts 1895, entitled "An act to establish and provide justices' courts in the city of Detroit," does not contravene section 20, art. 4, of the Constitution, which provides that " no law shall embrace more than one object, which shall be expressed in its title," the several provisions relating to the organization and jurisdiction of such courts being germane to the general purpose expressed in the title to the act.

2. Same—Term of Office.

    The provision of said act that justices elected thereunder shall hold office "for four years" is not in conflict with section 17, art. 6, of the Constitution, providing that justices of the peace " shall hold their offices for four years, and until their successors are elected and qualified," since, in the absence of a statutory prohibition, express or implied, a public officer holds over for the period named.

3. Same—Increasing Jurisdiction of Justices.

    The provision increasing the jurisdiction of justices of the peace in said city to $500 is authorized by section 18, art. 6, of the Constitution, and the act is not thereby rendered repugnant to the fourteenth amendment to the Constitution of the United States.

5. Same—Restricting Appeals.

    The right of appeal is not a constitutional one, but is subject to the control of the legislature. The act is not invalid, therefore, in limiting the right of appeal to cases where the amount involved is not less than $50.

Frank A. Messenger, Jr., applied to the circuit court for the county of Wayne for a writ of *mandamus* to compel John B. Teagan, one of the justices of the peace for the city of Detroit, to issue a summons in favor of relator wherein damages should be laid at the sum of $500. The cause was heard before Joseph W. Donovan, circuit

judge, who entered an order denying the writ, and relator brings the case to this court by *certiorari*.

Ernest A. Engel also applied to this court for *mandamus* to compel Judge Donovan to set aside an order made by him dismissing an appeal taken by relator from a judgment rendered against him in justice's court for less than $50.

Submitted June 20, 1895. Decided October 8, 1895.

Judgment reversed in the former case, and writ denied in the latter.

*Fred A. Maynard,* Attorney General, and *Horace H. Rackham (George B. Yerkes* and *James H. McDonald,* of counsel), for relator Messenger and respondent Donovan.

*Bowen, Douglas & Whiting,* for respondent Teagan and relator Engel.

GRANT, J. The object of these suits is to test the constitutionality of an act "to establish and provide justices' courts in the city of Detroit, and to repeal Act No. 280 of the Local Acts of 1883, entitled 'An act relative to justices' courts in the city of Detroit,' approved April 25, 1883, and all acts amendatory thereof." Act No. 460, Local Acts 1895.

1. The first objection is that it is repugnant to section 20, art. 4, of the Constitution, which reads, "No law shall embrace more than one object, which shall be expressed in its title." The objection is not sound. The title is sufficiently comprehensive. The one general object, which is expressed in the title, is to establish and provide justices' courts in the city of Detroit. All provisions of the act are consistent with this general purpose, and germane to it. The title is not deceptive. It gives notice to the legislators and to the public that it will provide for the organization, the details, and the jurisdiction of the court, which is authorized by the Constitution. It is sufficient, under the following authorities: *People* v. *Mahaney,* 13 Mich. 495; *Kurtz* v. *People,* 33 Mich. 282;

*Connecticut Mut. Life Ins. Co.* v. *State Treasurer*, 31 Mich. 17; *Hall* v. *Judge of Superior Court*, 88 Mich. 440; *Canal Street Gravel-Road Co.* v. *Paas*, 95 Mich. 372; *Van Husan* v. *Heames*, 96 Mich. 507.

2. The Constitution (section 17, art. 6) provides that justices of the peace "shall hold their offices for four years, and until their successors are elected and qualified." This act provides that the justices elected under it shall hold their offices for four years, saying nothing about holding over until their successors are duly qualified. It is urged that this act contravenes the above constitutional provision, in that it shortens the constitutional term of office. We think there is no force in this contention. The Constitution and the law both provide for a term of four years; while the former provides that if, for any reason, a successor is not elected and qualified at the expiration of the four years, the incumbent shall hold over. If the law said nothing whatever about the term of office, but only provided when the term should commence, the law would be valid, for it would then be construed as having been enacted with reference to the constitutional period. The act provides for the election of successors, so that ordinarily there can be no interregnum in office. It was equally unnecessary to incorporate into the act the provision of the Constitution in regard to holding over. The Constitution controls, and the act, in neither letter nor spirit, is in conflict with it. While there is some conflict in the decisions, the better doctrine is that, where the law does not expressly or by necessary implication prohibit, officers hold over until their successors are duly elected and qualified. Some authorities make exceptions of judicial officers, but we see no reason in the distinction in this case. 19 Am. & Eng. Enc. Law, 562*o*; *Walker* v. *Ferrill*, 58 Ga. 512.

3. It is urged that the act is in contravention of section 18, art. 6, of the Constitution:

"In civil cases, justices of the peace shall have exclusive jurisdiction to the amount of $100, and concurrent

jurisdiction to the amount of $300, which may be increased to $500, with such exceptions and restrictions as may be provided by law. They shall also have such criminal jurisdiction, and perform such duties, as shall be prescribed by the legislature."

This act increases the jurisdiction of the justices of the peace in Detroit to $500, and limits the right of appeal to the circuit court to cases where the justice shall disallow any claim in favor of any plaintiff or defendant to the amount of $50, or where a judgment shall be rendered to the amount of $50, exclusive of costs. The precise objection is that the justices of the peace in Detroit cannot be given greater jurisdiction or a jurisdiction over different subject-matters from that given to other justices of the peace in the State. In other words, it is contended that such powers must be conferred by a general, and not a local, act. The learned counsel for the respondent (Teagan) admit that they can find no decisions upon this point. Justice Cooley, in his work on Constitutional Limitations (page 88), quotes with approval the language of Chief Justice Denio in People v. Draper, 15 N. Y. 543:

"The people, in framing the constitution, committed to the legislature the whole law-making power of the State which they did not expressly or impliedly withhold. * * * A prohibition to exercise a particular power is an exception."

The Constitution contains no express prohibition, nor are we aware of any language from which it could be implied. A necessity may arise to confer a larger jurisdiction upon justices of the peace in large cities than in smaller cities and towns. No reason exists why it should not be conferred. The legislature is vested with unlimited power, within the limits of the constitutional provisions, and the Constitution imposes no limitation as to locality. See Attorney General v. Preston, 56 Mich. 177; People v. Gallagher, 4 Mich. 244; Sears v. Cottrell, 5 Mich. 257.

In *Hayes* v. *Missouri*, 120 U. S. 68, it was held that a law providing for 15 peremptory challenges in cities of over 100,000 inhabitants, while elsewhere it provided for only 8, was valid. It is there said:

"The fourteenth amendment to the Constitution of the United States does not prohibit legislation which is limited either in the objects to which it is directed, or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed. As we said in *Barbier* v. *Connolly*, 113 U. S. 27, speaking of the fourteenth amendment: 'Class legislation, discriminating against some and favoring others, is prohibited; but legislation which, in carrying out a public purpose, is limited in its application, if, within the sphere of its operation, it affects alike all persons similarly situated, is not within the amendment.'"

So in the present case the law acts equally upon all in the territory covered by the act. It denies to no one the equal protection of the law, and secures to all alike the privileges and immunities of citizens.

The question as to the right of appeal is expressly controlled by *Sullivan* v. *Haug*, 82 Mich. 553. The right of appeal is not a constitutional one, but is subject to the control of the legislature.

The judgment below is reversed, and the respondent John B. Teagan, justice of the peace, directed to issue the summons to the relator as prayed. The writ of *mandamus* is denied in *Engel* v. *Donovan, Circuit Judge.*

The other Justices concurred.