SOUKUP *v.* VAN DYKE.

CONSTITUTIONAL LAW—TITLE OF ACT—AMENDATORY STATUTE—
JURISDICTION OF JUSTICES OF THE PEACE.

The title to Act No. 306, Local Acts 1893, namely, "An
act relative to justices' courts in the city of Grand Rapids, to
reduce the number thereof, and to fix the compensation of
such justices, and provide a clerk and offices therefor," was
sufficient to authorize the incorporation into the act, by Act
No. 274, Local Acts 1895, of a provision conferring upon said
justices exclusive jurisdiction of all actions between residents
of the city, within the limits of a justice's jurisdiction.

| | |
|---|---|
| 109 | 679 |
| f118 | 607 |
| 109 | 679 |
| s67NW | 911 |
| 131 | 253 |
| 109 | 679 |
| 134 | 526 |
| 109 | 679 |
| 137 | 139 |
| 109 | 679 |
| 140 | 582 |
| 109 | 679 |
| 150 | 1  5 |
| 109 | 679 |
| 154 | 321 |

*Certiorari* to Kent; Adsit, J. Submitted April 29,
1896. Decided June 30, 1896.

Joseph Soukup recovered a judgment against Adrian
Van Dyke before a justice of the peace of the township of
Grand Rapids, in an action on the case. Both parties
were residents of the city of Grand Rapids. A body ex-
ecution was issued on said judgment, and, in default of
goods and chattels, the body of the defendant was taken
thereon. Defendant thereupon sued out a writ of *habeas
corpus*, contending that the justice was without jurisdic-
tion, under Act No. 274, Local Acts 1895; and, upon
the hearing, the court entered an order declaring the pro-
ceedings void, and discharging the defendant from cus-
tody. Plaintiff brings *certiorari* to review this action
of the court. Affirmed.

*Hatch & Wilson*, for appellant.

*Nathan P. Allen*, for appellee.

MONTGOMERY, J. Act No. 306 of the Local Acts of
1893 was entitled "An act relative to justices' courts in
the city of Grand Rapids, to reduce the number thereof,

and to fix the compensation of such justices, and provide a clerk and offices therefor." This act, in addition to the provision reducing the number of justices, and fixing their compensation and providing a clerk, contained provisions regulating fees to be paid by suitors, and relating to transfer of causes for trial from one justice to another. Act No. 274, Local Acts 1895, is entitled "An act to amend an act entitled, 'An act relative to justices' courts in the city of Grand Rapids, to reduce the number thereof, and to fix the compensation of such justices, and provide a clerk and offices therefor.'" By this amendatory act, justices of the peace of the city of Grand Rapids are given exclusive jurisdiction of all actions, within the limits of a justice's jurisdiction, where both parties are residents of the city. The sole question in this case is whether the amendatory provision is sufficiently within the title. It is said that the object of the amendatory act must be embraced within that expressed in the title to the act amended. Where the title to the amendatory act reads as this one does, there can be no doubt that the amendment must be by introducing matter which would have been proper in the original act. *Eaton* v. *Walker*, 76 Mich. 579. The question, therefore, is, could this provision limiting jurisdiction have been introduced in the first act, or would the attempt to do so have violated section 20, art. 4, of the Constitution, which provides that a statute shall embrace but one object, which shall be expressed in its title ?

We do not understand counsel to contend that a provision of this nature, together with such as were in fact incorporated in Act No. 306 of 1893, would not have been admissible under one title, or that they relate to more than one general object. The contention is that this object was not expressed in the title. In furtherance of this contention, counsel read the title of Act No. 306 of 1893 as *restricted* to the purpose of—*First*, reducing the number of justices; and, *second*, fixing their compensation; and, *third*, providing a clerk and offices. We do

not so construe this title. We think the general words, "An act relative to justices' courts in the city of Grand Rapids," are used to indicate the general purpose of the legislation. The fact that it was thought proper to insert in the title reference to certain of the special features of the act does not render the title more restricted. The question is, then, is this general title sufficient? The question is of importance, as the Detroit justices' court was established under a title precisely the same as the general words of this title.

The provision requiring the object to be expressed in its title has not received a construction which renders it necessary to set out in detail the purposes of the act. To place such a construction on it would make it necessary that the title be as full as the act itself. On the contrary, the rule is universal, as expressed in Cooley, Const. Lim. (6th Ed.) 172, that "the generality of the title is no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which, by no fair intendment, can be considered as having a necessary or proper connection." *People* v. *Mahaney*, 13 Mich. 481. The title is sufficient if it fairly and reasonably announces the object, and that is a single one. If this requirement be observed, the legislature must determine for itself how broad and comprehensive shall be the object of a statute, and how much particularity shall be employed in the title, in defining it. Cooley, Const. Lim. (6th Ed.) 173. Accordingly, it has been held that a title reading, "An act in relation to certain State roads therein named," sufficiently expressed the purpose of an act which vacated such roads, and established others. *State* v. *County Judge*, 2 Iowa, 280. In *People* v. *Kelly*, 99 Mich. 82, it was held that a title, "An act relative to disorderly persons, and to repeal," etc., sufficiently expressed the purpose of the act defining who are disorderly persons, and providing for their punishment. See, also, *Canal Street Gravel-Road Co.* v. *Paas*, 95 Mich. 379; *Van Husan* v. *Heames*, 96 Mich. 507.

We think the circuit judge was right in sustaining this legislation, and the judgment is affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.