GRAHAM *v.* MUSKEGON COUNTY CLERK.

1. RELIGIOUS SOCIETIES—STATUTES—REPEAL.
   Act No. 110, Pub. Acts 1895, entitled "An act for the organ-
   ization of corporate Methodist Episcopal Churches," was super-
   seded by Act No. 209, Pub. Acts 1897, entitled "An act to re-
   vise, amend, and consolidate the laws for the incorporation of
   ecclesiastical bodies."

2. SAME—CONSTITUTIONAL LAW—SUFFICIENCY OF TITLE.
   Act No. 209, Pub. Acts 1897, entitled "An act to revise, amend,
   and consolidate the laws for the incorporation of ecclesias-
   tical bodies," is constitutional, so far as it affects churches,
   whether or not the provisions embodied therein relative to
   "societies for the diffusion of moral or religious knowledge"
   are within the title.

*Mandamus* by John Graham and others to compel R.
Andrew Fleming, clerk of the county of Muskegon, to
record the articles of association of the Moorland Methodist
Episcopal Church, preferred under Act No. 110, Pub.
Acts 1895.   Submitted February 15, 1898.   Writ denied
April 5, 1898.

*Cutcheon & Swarthout,* for relators.

*Fred A. Maynard,* Attorney General, and *Drury &
Strong,* for respondent.

MONTGOMERY, J.   Petitioners allege, in the first four
paragraphs of their petition, that they are all members of
the Methodist Episcopal Church, and that John Graham
is the presiding elder of the Grand Rapids district, within
whose bounds the proposed Moorland Methodist Episcopal
Church is to be located; that it has been agreed by the proper
church authorities that the said church shall be organized
at Moorland; that on January 7, 1898, petitioners execut-
ed articles of association under Act No. 110, Pub. Acts

1895, entitled "An act for the organization of corporate Methodist Episcopal Churches;" that on January 17, 1898, they presented their said articles, drawn up and certified properly under said statute, to the Muskegon county clerk, for record in his office pursuant to said act; that said clerk refused to record the articles, on the ground that Act No. 209, Pub. Acts 1897, entitled "An act to revise, amend, and consolidate the laws for the incorporation of ecclesiastical bodies," provides, in section 10, that "all churches, religious societies, Sunday schools, or other societies for the purpose of diffusing moral or religious knowledge, hereafter incorporated, shall be incorporated under this act." The answer admits all of the above allegations. The petitioners aver that the said refusal is illegal upon two general grounds: (1) That the act of 1897 does not repeal or supersede, expressly or by implication, the Methodist Church act of 1895; and (2) that the act of 1897 is unconstitutional. The answer denies both these propositions. Relators ask a *mandamus* directing respondent to file their articles of association preferred under the law of 1895.

1. Does the act of 1897 supersede, as to churches to be organized after the act took effect, the Methodist Church act of 1895? We think this question, must be answered in the affirmative. The title of the act of 1897 is most comprehensive. It is "to revise, amend, and consolidate the laws for the incorporation of ecclesiastical bodies." The plain purpose of this enactment, as expressed in the title, was to collect such provisions as were essential to the incorporation of ecclesiastical bodies and embody them in one law. Any other construction would do violence to the language employed. An analogous question was discussed in both opinions in *Attorney General* v. *Parsell*, 100 Mich. 170, and little need be added. In the opinion in that case the writer said: "The use of the word 'consolidate' indicates very clearly that the purpose of the legislature was to collect in one act the law relating to the subject." See, also, *Tafoya* v. *Garcia*, 1 N. M. 480;

*Roberts' Case,* 51 Mich. 548.  That a later act which covers the whole subject repeals prior acts repugnant thereto is established doctrine.  *Shannon* v. *People,* 5 Mich. 85; *Feige* v. *Railroad Co.,* 62 Mich. 1; *Attorney General* v. *Parsell, supra,* and cases cited.

2. It is contended that the act conflicts with article 4, § 20, of the Constitution, which provides that no law shall embrace more than one subject, which shall be expressed in its title.  Section 1 of the act provides that it shall be lawful for any five or more persons of full age to become incorporated as a church, religious society, Sunday school, or other society for the purpose of diffusing moral or religious knowledge, by complying with the following conditions.  Section 10 provides that all churches, religious societies, Sunday schools, or other societies for the purpose of diffusing moral or religious knowledge, here after incorporated, shall be incorporated under this act. It is not contended but that church societies fall within the express terms of the act.  This being so, it is not essential, for a determination of this case, to decide whether societies for the diffusion of moral and religious knowledge may be properly designated as "ecclesiastical bodies."  The rule is that if, by striking from an act all that relates to an object not indicated by the title, that which is left is complete in itself, and sensible, and wholly independent of that which is rejected, it must be sustained as constitutional.  Cooley, Const. Lim. (6th Ed.) 177. Thus, under a title, "An act concerning promissory notes and bills of exchange," provisions were incorporated affecting alike bills of exchange, promissory notes, *and other written instruments.*  The act was sustained so far as it affected promissory notes and bills of exchange, and declared invalid in so far as it attempted to affect other written instruments.  *Mewherter* v. *Price,* 11 Ind. 199.  It must be held that the act in question is valid, at least to the extent that it affects churches.

We do not think the act is subject to the other objections urged against it.  If its provisions are not found

well suited to meet the church polity of the Methodist Episcopal Church, this fact is proper to be considered by the legislature, but does not justify us in declaring the act unconstitutional.

The writ of *mandamus* will be denied.

The other Justices concurred.