Strafford, ⎰
Dec., 1899. ⎰

## STATE *v.* BALL.

A statute designed to prevent fraud and imposition in the use of oleomargarine as an article of food is a legitimate exercise of the police power and not in conflict with the constitution.

INDICTMENT, under chapter 115, Laws 1895, charging the defendant, a boarding-house keeper, with furnishing oleomargarine to her guest, without the latter's knowledge. The defendant

moved to quash the indictment, on the ground that section 3, chapter 115, Laws 1895, is unconstitutional. The motion was denied, and the defendant excepted.

*Walter W. Scott*, solicitor, for the state.

*Edgerly & Mathews*, for the defendant.

BLODGETT, C. J. The defendant's motion was properly denied. The statute (Laws 1895, c. 115) enacting (s. 3) that "It shall be unlawful for any person to furnish or cause to be furnished, in any hotel, boarding-house, restaurant, or at any lunch counter, oleomargarine, butterine, or any similar substance, to any guest or patron of said hotel, boarding-house, restaurant, or lunch counter, without first notifying such guest or patron that the substance so furnished is not butter," is plainly within the authority granted the legislature by article 5 of part 2 of our constitution, "to make . . . all manner of wholesome and reasonable orders, laws, statutes, ordinances, directions, and instructions, either with penalties or without, so as the same be not repugnant . . . to this constitution, as they may judge for the benefit and welfare of this state and for the governing and ordering thereof, and of the subjects of the same." "Under this grant the power of the legislature to regulate the sale of articles of food, and to legislate for the prevention of adulteration, deception, and fraud in the sale of provisions, is unquestioned." *State* v. *Marshall*, 64 N. H. 549, 550. And of the necessity for such legislation the legislature is the sole judge. *State* v. *Campbell*, 64 N. H. 402, 403.

And not only is the statute under consideration clearly within the scope of legislative authority conferred by the constitution, but being obviously one for the protection of the public against fraud and imposition in an article of food of general consumption, it is no less clearly a legitimate exercise of the police power which is inherent in all municipal and state governments. *State* v. *Marshall*, *supra*, 550, 551, 552, and authorities cited.

*Exception overruled.*

YOUNG, J., did not sit: the others concurred.