## STATE v. CRESCENT CREAMERY COMPANY.[1]

May 24, 1901.

Nos. 12,534—(8).

### Sale of Cream—G. S. 1894, § 7002.

G. S. 1894, § 7002, which prohibits the sale of cream that contains less than twenty per centum of fat, is a valid exercise of the police power and constitutional.

Appeal by defendant from a judgment of the municipal court of St. Paul, Orr, J. Affirmed.

*Durment & Moore* and *F. W. Zollman*, for appellant.

*T. R. Kane*, County Attorney, and *O. H. O'Neill*, Assistant County Attorney, for the State.

START, C. J.

This is an appeal from the judgment of the municipal court of the city of St. Paul convicting the defendant of the offense of selling cream containing less than twenty per centum of fat, contrary to the provisions of G. S. 1894, § 7002. The record contains no settled case or bill of exceptions, but the judgment recites upon its face that before sentence the defendant's counsel moved that the defendant be discharged on the ground that the statute was unconstitutional; hence the facts charged did not constitute a public offense.

Some technical objections are here made to the complaint, but, so far as appears from the record, they were not made in the court below, and the sole question for our decision is the constitutionality of the statute. It is in these words:

"No person shall sell or offer for sale any cream taken from impure or diseased milk, or cream that contains less than twenty per centum of fat. Whoever violates the provisions of this section shall be deemed guilty of a misdemeanor, and shall be punished by a fine of not less than ten dollars nor more than one hundred dollars."

The defendant claims that this statute, in so far as it prohibits

[1] Reported in 86 N. W. 107.

the sale of cream solely because it contains less than twenty per centum of fat, is unconstitutional, because it is unreasonable and not a proper exercise of the police power, is based upon an arbitrary classification, and is special legislation, and is an unlawful restraint of trade, and illegally restricts the citizen's right to contract and to pursue a lawful calling, and deprives him of his liberty and property without due process of law.

The section of the statute in question is a part of the general statutes of the state, which were enacted to prevent deception in the sale of dairy products, and its obvious purpose is to fix a standard for cream, and forbid the sale of any cream, as such, which is below the prescribed standard, whereby unsuspecting purchasers may be defrauded. It must be, and is, construed so as to effectuate such purpose. We accordingly hold that the statute in question forbids, and only forbids, the sale of cream, as such, which is below the prescribed standard. So construed, the statute is a proper exercise of the police power of the state, and is valid. Its constitutionality rests upon the same principles as does the validity of statutes prohibiting the sale of milk unless it contains a prescribed percentage of fat and solids, and other similar statutes. The constitutionality of such statutes has been uniformly sustained. Butler v. Chambers, 36 Minn. 69, 30 N. W. 308, 1 Am. St. Rep. 644, and notes; Com. v. Evans, 132 Mass. 11; State v. Smyth, 14 R. I. 100; State v. Campbell, 64 N. H. 402, 13 Atl. 585; City v. Cook, 38 Mo. App. 660. Counsel for the defendant, while practically conceding the validity of statutes fixing a standard for milk, and forbidding the sale of milk below such standard, seek to distinguish such statutes from statutes of the character of the one we are considering, for the reason that:

"Cream is a natural product, and, when not diseased or impure, is not only harmless, but beneficial as food and for many other purposes, whether it contains ten per cent. of fat or thirty-five per cent. of fat. It is commonly known that there is no practice of adulterating cream as there is in the case of milk, nor of simulating it as in the case of butter, and that pure cream is wholesome, though it contains less than twenty per centum of fat."

We cannot take judicial knowledge of the supposed facts thus

asserted; for, if this is a matter in which we are required to take judicial notice of the facts, we know that it is entirely feasible to mix pure cream with a limited amount of milk, and produce a mixture which may be sold to the inexperienced as pure cream. Undoubtedly there is less necessity for a statute to prevent deception in the sale of cream than there is of one to prevent fraud in the sale of milk, because the latter may be classed as a necessity, and the former as a luxury, and its sale not as general as that of milk; but the distinction is one of degree, not of principle. In either case the legislature is the sole judge of the necessity and propriety of preventing deception in the sale of the article, by appropriate legislation. Powell v. Pennsylvania, 127 U. S. 678, 8 Sup. Ct. 992, 1257. And the legislature, by this statute, having, in the exercise of the police power, fixed a standard for all cream to be sold as such, the act is valid.

Judgment affirmed.