## PEOPLE v. ROTTER.

1. CONSTITUTIONAL LAW — COLORING OLEOMARGARINE — TITLE TO STATUTE.

Act No. 22, Pub. Acts 1901, entitled "An act to prevent deception in the manufacture and sale of imitation butter," which prohibits the coloring of oleomargarine to resemble butter, is not open to the objection that the object is not expressed in the title, as required by Const. art. 4, § 20.[1]

2. SAME — UNLAWFUL DISCRIMINATION.

Nor is the act in contravention of the fourteenth amendment

[1] For a somewhat similar question, see *Grosvenor* v. *Duffy*, 121 Mich. 220 (80 N. W. 19).

to the Federal Constitution, nor of article 6, § 32, of the Constitution of the State.

**3. SAME—POLICE POWER.**
The act is a valid exercise of the police power.

Exceptions before judgment from Emmet; Shepherd, J. Submitted May 8, 1902. (Docket No. 152.) Decided June 24, 1902.

George W. Rotter was convicted of selling colored oleomargarine. Affirmed.

*Smedley & Corwin* and *Sears, Meagher & Whitney* (*James F. Meagher, Kay Wood,* and *B. M. Corwin,* of counsel), for appellant:

Upon the federal question, counsel cited the following cases, among others: *Barbier* v. *Connolly,* 113 U. S. 27 (5 Sup. Ct. 357); *Yick Wo* v. *Hopkins,* 118 U. S. 356 (6 Sup. Ct. 1064); *Mugler* v. *Kansas,* 123 U. S. 623 (8 Sup. Ct. 273); *Hallinger* v. *Davis,* 146 U. S. 314 (13 Sup. Ct. 105); *Lawton* v. *Steele,* 152 U. S. 133 (14 Sup. Ct. 499); *Allgeyer* v. *Louisiana,* 165 U. S. 578 (17 Sup. Ct. 427); and, particularly, *Schollenberger* v. *Pennsylvania,* 171 U. S. 1 (18 Sup. Ct. 757), *Collins* v. *New Hampshire,* 171 U. S. 30 (18 Sup. Ct. 768), and *Connolly* v. *Sewer-Pipe Co.,* 184 U. S. 540 (22 Sup. Ct. 431).

*Matthew F. Guinon,* Prosecuting Attorney, for the people.

HOOKER, C. J. At its last session the legislature passed an act under the title "An act to prevent deception in the manufacture and sale of imitation butter." Pub. Acts 1901, Act No. 22. Section 1 of said act provides that:

"No person, by himself or his agents or servants, shall render or manufacture, sell, offer for sale, expose for sale, or have in his possession with intent to sell, any article, product, or compound made wholly or in part out of any fat, oil, or oleaginous substance or compound thereof, not produced from unadulterated milk, or cream from the same, which shall be in imitation of yellow butter produced

from pure unadulterated milk, or cream of the same: *Provided*, that nothing in this act shall be construed to prohibit the manufacture or sale of oleomargarine in a separate and distinct form, and in such manner as will advise the consumer of its real character, free from coloration or ingredient that causes it to look like butter."

Section 2 prescribes a penalty for the violation of the act.

The defendant was a grocer in Emmet county, and is shown to have sold a package of oleomargarine, which by an analysis was proven to have contained artificial coloring matter, and that said oleomargarine was not made wholly from unadulterated milk, or cream from the same, and that it was made in imitation of yellow butter produced from unadulterated milk, or cream from the same. The court was asked to direct a verdict of not guilty upon the grounds:

1. That the object of the act was not expressed in the title, as required by section 20 of article 4 of the Constitution of this State.

2. That the act violates the fourteenth amendment to the Constitution of the United States, and article 6, § 32, of the Constitution of this State.

3. That it was not within the police power of the State.

The evidence conclusively shows that no deception was used in selling the oleomargarine, and there is nothing to indicate that there was any harmful ingredient therein, but that, on the contrary, there was not such ingredient. The defendant was convicted, and the case is here on exceptions before sentence.

It is contended that the title to the act indicates that the act was designed to prevent deception in the manufacture and sale of imitation butter, while the act attempts to go further, and prevent all sales of such colored oleomargarine. If oleomargarine colored yellow closely resembles yellow butter made from milk or cream, it cannot reasonably be said not to resemble or imitate yellow butter. Butter is a well-known commodity. From time immemorial it has had but one origin, viz., from the churning of milk or cream. Whatever may be said of the possibility

of making a product from other compounds than milk or cream that shall closely resemble or be chemically identical with butter, the world has but one understanding of what is meant by the word "butter," and we must assume that such is the sense in which our legislature used the term. 1 Comp. Laws, § 50, subd. 1.   A fair inference from this statute is that the legislature undertook to prevent deception by preventing the sale of any yellow oleomargarine, and it undertook to accomplish this by the most effective means, viz., by prohibiting the coloring of oleomargarine yellow, thereby avoiding the embarrassment which would otherwise arise from the necessity of proving in each case that deceit was used in selling it as and for butter.   We think this is fairly within the title, whatever must be said of the other points raised.   We are referred to the case of *Northwestern Manfg. Co.* v. *Wayne Circuit Judge*, 58 Mich. 381 (25 N. W. 372, 55 Am. Rep. 693), as conclusive upon this question, in which case it is said that "all that could be done under such a title would be to prohibit and prevent the sale of such articles under false pretenses." We are of the opinion that this language is too restrictive, and that it is at variance with the settled doctrine in this State that any provision naturally calculated to accomplish the object expressed in the title may be included in the act.   See *Soukup* v. *Van Dyke*, 109 Mich. 681 (67 N. W. 911); *People* v. *Worden Grocer Co.*, 118 Mich. 607 (77 N. W. 315).   The case cited was rightly disposed of upon another ground, and it is possible that the language above quoted should be considered a *dictum*.   Moreover, the cases are distinguishable, for, whereas that act attempted to prevent all sales of imitation butter, and was therefore, perhaps, inconsistent with the title, which apparently contemplated lawful sales, the statute under consideration in the present case does not prohibit sales of oleomargarine which is not tainted with the prohibited ingredients.

It is unnecessary to discuss the other points at length, for the reason that the uniform trend of judicial opinion is that such laws are valid.   *State* v. *Myers*, 42 W. Va. 825

(26 S. E. 539, 35 L. R. A. 844, 57 Am. St. Rep. 887); *State* v. *Marshall*, 64 N. H. 549 (15 Atl. 210, 1 L. R. A. 51); *Powell* v. *Pennsylvania*, 127 U. S. 678 (8 Sup. Ct. 992); *People* v. *Arensberg*, 105 N. Y. 123 (11 N. E. 277, 59 Am. Rep. 483); *Butler* v. *Chambers*, 36 Minn. 69 (30 N. W. 308, 1 Am. St. Rep. 638); *People* v. *Worden Grocer Co.*, 118 Mich. 604 (77 N. W. 315); *State* v. *Crescent Creamery Co.*, 83 Minn. 284 (86 N. W. 107, 54 L. R. A. 466); *State* v. *Ball*, 70 N. H. 40 (46 Atl. 50); *Wright* v. *State*, 88 Md. 436 (41 Atl. 795); *Com.* v. *Vandyke*, 13 Pa. Sup. Ct. Rep. 484; *Com.* v. *McCann*, 14 Pa. Sup. Ct. Rep. 221; *Armour Packing Co.* v. *Snyder*, 84 Fed. 136; *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238 (22 Sup. Ct. 120). We are of the opinion that the legislature had the power to pass this law, and its wisdom or policy is not for our consideration.

The conviction is affirmed, and the court directed to sentence the defendant.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.