| 131 | 395 |
| 134 | 246 |
| 131 | 395 |
| f135 | 1381 |

## PEOPLE *v.* PHILLIPS.

1. PURE-FOOD LAWS—COLORED OLEOMARGARINE—CONSTITUTIONAL LAW.

Act No. 22, Pub. Acts 1901, entitled "An act to prevent deception in the manufacture and sale of imitation butter," which prohibits the sale of oleomargarine colored in imitation of yellow butter made from pure milk or cream of the same, is constitutional.

2. SAME—"YELLOW BUTTER" DEFINED.

The term "yellow butter," as used in said act, means any butter produced from pure milk, or cream thereof, having a perceptible shade of yellow.

Exceptions before judgment from Kalamazoo; Adams, J. Submitted May 8, 1902. (Docket No. 153.) Decided September 17, 1902.

John W. Phillips was convicted of having colored oleomargarine in his possession, with intent to sell it. Affirmed.

*Frank E. Knappen* and *E. M. Irish*, for appellant.

*Sheridan F. Master*, Prosecuting Attorney (*Dallas Boudeman*, of counsel), for the people.

MOORE, J. The respondent was convicted of having on hand with intent to sell, and offering for sale, oleomargarine, colored in imitation of yellow butter, contrary to the provisions of Act No. 22 of the legislature, passed at the session of 1901. It is claimed by respondent that this law is unconstitutional, and is an invalid law. That question was decided in the very recent case of *People* v. *Rotter*, *ante*, 250 (91 N. W. 167), against the contention of respondent, and need not be discussed here.

It is urged as a matter of defense (and we quote from the brief of counsel) :

"That the statute is only aimed against the imitation of a substance which the legislature recognize as yellow butter, and—

"1. The court should take judicial notice that all butter with a trace of yellow in it is not the yellow butter of commerce.

"2. That if this is not true as a proposition of judicial notice, and the court cannot know it, then the respondent should have been allowed to prove, if he could, that there was such a usage of commerce.

"3. That the statute is vague and indefinite in not defining the elements of the statutory crime it attempts to carve out of an act innocent *per se*, in that it gives no standard for determining what the color of yellow butter is that is not to be imitated."

The trial judge charged the jury upon that branch of the case as follows:

"It is not necessary in this case for the people to have proved that the respondent himself colored the oleomargarine, if you find beyond a reasonable doubt that it was colored. The offense is just as complete, so far as this is concerned, if the respondent purchased oleomargarine colored as above indicated. The offense, as above stated, consists of having the oleomargarine colored, as before indicated, in his possession, with intent to sell the same, or in exposing it for sale; and if the respondent sold it in the same condition as he bought it, that would be no defense in this case. The respondent, gentlemen of the jury, is not charged in this information with selling this article; and if you find, beyond a reasonable doubt, he sold it, as claimed by the people in the testimony offered, you may consider this fact on the question of whether respondent had, or did not have, the article in his possession for the purpose of selling it, and you must not consider it for any other purpose. If you find, beyond a reasonable doubt, that respondent did sell the article mentioned in the information to the parties claimed by the people, that would satisfy the statute upon the question of intent to sell.

"It is not necessary in this case, to entitle the people to a conviction, that the oleomargarine should have been colored to represent any particular kind of yellow butter; that is, such yellow butter as the statute mentions, and as I have indicated to you the statute mentions. If the

coloring was put into it, and by using such coloring the oleomargarine was in imitation of light yellow butter, such as the statute mentions,—that is, yellow butter produced from pure, unadulterated milk, or cream from the same,—the offense is committed just the same as if it had been colored to represent darker yellow butter. If you find beyond all reasonable doubt in the testimony in this case, and under the instructions given, that the oleomargarine —if you find it to have been oleomargarine—was colored in such a manner as to be in imitation of any kind of yellow butter, that would satisfy the statute upon the requirement of the question of color. 'Yellow butter' I define to be any butter produced from pure, unadulterated milk, or cream of the same, having a yellow color. It is necessary, in order for the jury to convict the respondent, for you to find, beyond all reasonable doubt, that the article in the package sold was colored in imitation of yellow butter produced from pure, unadulterated milk, or cream of the same. If you find beyond a reasonable doubt, under the testimony in this case, that there was some coloring matter in this article, still if you find there was not enough coloring matter in this article to cause it to look like yellow butter having a perceptible shade of yellow, said butter having been produced from unadulterated milk or cream from the same, then you must acquit. But if you find, beyond a reasonable doubt, there was coloring matter in said article, and sufficient coloring matter therein to make it look like yellow butter, having any perceptible shade of yellow, said butter having been made from unadulterated milk or cream from the same, that would be sufficient, so far as the requirement of the statute upon the question of coloration is concerned."

We think this was a proper construction of the language used in the statute.

The conviction is affirmed, and the case remanded for further proceedings.

Hooker, C. J., Grant and Montgomery, JJ., concurred.