## PAYE v. TOWNSHIP OF GROSSE POINTE.

1. CONSTITUTIONAL LAW—LOCAL SELF-GOVERNMENT—HIGHWAYS.
   Act No. 501, Local Acts 1903, creating the village of Fairview out of the township of Grosse Pointe, and providing that money which had been raised by loan by the township for paving a street within the boundaries of the village should be turned over to the authorities of the village for expenditure, is not unconstitutional as violating the right of local self-government.

2. SAME—TITLE TO ACT.
   The title of Act No. 501, Local Acts 1903, viz., "An act to incorporate the village of Fairview in the township of Grosse Pointe, Wayne county," is sufficient to authorize a provision for the expenditure by the village authorities of a fund previously raised by the township for highway purposes.

*Certiorari* to Wayne; Brooke, J. Submitted October 6, 1903. (Calendar No. 20,151.) Decided October 12, 1903.

*Mandamus* by Charles A. Paye, treasurer of the village of Fairview, against the township of Grosse Pointe and its officers, to compel the transfer of certain funds to relator. From an order granting the writ, respondent township brings *certiorari*. Affirmed.

*Moore & Moore*, for relator.

*James H. Pound*, for appellant.

MONTGOMERY, J. This is *certiorari* to review *mandamus* proceedings.

In 1901, by Local Act No. 303, the legislature authorized the township board of the township of Grosse Pointe to declare it expedient to grade or otherwise improve Jefferson avenue and Mack avenue, in said township, and to cause estimates to be made of the cost of such improvement

or improvements, and to fix the amount necessary to be raised for the purpose of such improvements, and the amount necessary to be raised by the issue and sale of bonds of said township for that purpose. It then provided for a vote of the electors upon the proposition for an issue of the bonds to the amount determined. Action was taken upon this by the township board, and the proper amount to be used in paving each particular street and each portion thereof was specified. Bonds were issued and sold to the amount of $176,890. The board thereafter contracted for the paving, except that portion of Jefferson avenue lying between the easterly limits of the city of Detroit and the Cadieux road, now in the village of Fairview, and as to that particular piece of pavement they have done nothing.

On May 28, 1903, the legislature passed an act creating the village of Fairview. Act No. 501, Local Acts 1903. By the terms of this act the whole of Jefferson avenue between the easterly limits of the city of Detroit and the Cadieux road is within the corporate limits of the village. The act provided that the amount raised by the sale of the bonds of said township of Grosse Pointe, which was designed for the improvement of that part of Jefferson avenue, together with all accretions thereon by way of interest or otherwise, should be paid over by the township authorities to the village treasurer. The *mandamus* below directed the township authorities to comply with this requirement of the statute, and it is to review this order that this action is brought.

It is contended by respondent that this act is unconstitutional, as in violation of the right of local self-government. There is no doubt of the legislative power to designate the authorities which shall expend highway moneys, and there is no longer any inhibition from withdrawing this power from the highway commissioner. *Campau* v. *Highway Commissioner*, 132 Mich. 365 (93 N. W. 879). The only question about which there can be any doubt is whether this money can be withdrawn from the township

as a distinct political organization, and turned over to the authorities of the village. We are satisfied that this was entirely competent for the legislature. This fund was raised for a specific purpose, to be expended in the repair of a certain street. When raised, this fund became a trust fund, to be diverted to no other purpose. The change in the political authority over this territory, by which the village authorities became the only ones who have control of this highway, and the only right to expend the money upon it, renders it not only competent, but essential, that the fund shall be placed in the hands of the authorities having the power to expend it. It is claimed that the provision for the expenditure of this fund was not within the title of the act, but we think the purpose was sufficiently indicated by the title. *People* v. *Mahaney*, 13 Mich. 481; *Messenger* v. *Teagan*, 106 Mich. 654 (64 N. W. 499); *Soukup* v. *Van Dyke*, 109 Mich. 679 (67 N. W. 911).

It is further claimed that the order of the court compels the payment by the respondent of money in excess of the amount in its hands. Upon that subject the return of the circuit judge shows the following:

"Thereafter testimony was taken showing that the facts and figures in regard to amounts were correctly stated in the petition for *mandamus*, and counsel for the petitioner submitted a computation showing the amount he claimed was due the petitioner under the facts alleged in the petition, and this computation was submitted to counsel for the respondents, who pointed out no errors therein after sufficient opportunity therefor, and the amount so fixed was $86,-256.90, including interest up to August 3, 1903. But it was claimed for and on behalf of the respondents that they were entitled to deduct from said amount the legal expenses which they (the respondents) claimed to have incurred in litigation and inspection and preliminary surveys over the pavement of Mack and Jefferson avenues; but it was claimed on the part of the petitioner that he was entitled to the whole amount of said last-mentioned sum, without any deduction whatever, and particularly without any deduction for costs and expenses of litigation. The

respondents were unable at that time to state the exact amount of money they had expended, and the amount of liability they had incurred, in said litigation and inspection and preliminary surveys, but they stated that the amount would not exceed $5,000, and that $5,000 would be a sufficient sum to retain in their hands for their protection on account of the money so expended and the liability incurred."

The order of the circuit judge is affirmed.

The other Justices concurred.