GRIMM *v.* SECRETARY OF STATE.

1. STATUTES—TITLE TO ACT—PURPOSE OF LAW.
   The title of Act No. 232 of the Public Acts of 1903, i. e., "to revise and consolidate the laws providing for the incorporation of manufacturing and mercantile companies," etc., sufficiently indicates the purpose of the law to repeal existing laws covering the same subjects.

2. SAME.
   Act No. 232 of the Public Acts of 1903 was designed to provide a general law, under which the corporations named in it

might be organized and brought under one general rule, instead of incorporating them under several laws as they were required to do before the act became a law, and as such embraces but one object.

Mandamus by Arthur A. Grimm to compel Fred M. Warner, secretary of State, to receive and file certain articles of association under chapter 191 of the Compiled Laws of 1897. Submitted June 7, 1904. (Calendar No. 20,502.) Writ denied July 7, 1904.

*Mechem & Bailey* and *Alfred J. Mills*, for relator.

*Charles A. Blair*, Attorney General (*Paul .H. King*, of counsel), for respondent.

MOORE, C. J. The following statement is taken from the brief of counsel for petitioner:

" The petitioner and his associates caused to be prepared and executed articles of association for the incorporation of an electric-light company under and in compliance with the provisions of chapter 191 of the Compiled Laws of this State, and presented same to the secretary of State for filing, accompanied by the necessary fees. The secretary of State declined to receive and file the articles of association, insisting that chapter 191 of the Compiled Laws of 1897 had been repealed by Act No. 232 of the Public Acts of 1903."

This proceeding is taken to compel the secretary of State to receive and file the articles of association.

The title of Act No. 232 of the Public Acts of 1903 reads:

"An act to revise and consolidate the laws providing for the incorporation of manufacturing and mercantile companies, or any union of the two, and for the incorporation of companies for carrying on any other lawful business, except such as are precluded from organization under this act by its express provisions, and to prescribe the powers and fix the duties and liabilities of such corporations."

Section 1 of the act is as follows:

"Any three or more persons desiring to become incor-
porated for the purpose of carrying on any manufacturing
or mercantile business, or any union of the two, or for
buying, selling, and breeding cattle, sheep, and horses, or
other live stock, or for engaging in maritime commerce,
or navigation, or for the purchasing, holding, and dealing
in real estate, or for conducting a warehouse and storage
business, or for erecting and owning buildings to be oc-
cupied, or leased, for dwelling houses, halls, or business
purposes, or for the production and supplying of gas and
electricity for lighting, fuel, or other purposes, or for
printing, publishing, and book making, or for carrying on
any other lawful business, except such as are excluded by
section 36 of this act, may, by complying with the provi-
sions of this act, with their successors and assigns, become
a body politic and corporate."

Section 37 of the act provides:

"This act shall include and apply to all corporations
provided for in the following statutes: Chapter 158, 181,
182, 183, 185, 188, 190, 191, and 192 of the Compiled Laws
of 1897, as amended, and in addition, shall repeal all other
acts and parts of acts inconsistent with the provisions of
this act.   *   *   *"

Chapter 158, originally passed in 1885 (Pub. Acts 1885,
Act No. 154), is entitled "Stock Breeding Associations."
Chapter 181, originally passed in 1867 (Laws 1867, Act
No. 24), is entitled "Corporations for Commerce or Nav-
igation."   Chapter 182, originally passed in 1877 (Pub.
Acts 1877, Act No. 207), is entitled "Land Companies."
Chapter 183, originally passed in 1867 (Laws 1867, Act
No. 26), is entitled "Warehouse Companies."   Chapter
185, originally passed in 1887 (Pub. Acts 1887, Act No.
70), is entitled "Associations for Constructing and Leas-
ing Buildings."   Chapter 188, originally passed in 1885
(Pub. Acts 1885, Act No. 232), is entitled "Manufactur-
ing Companies."   Chapter 190, originally passed in 1855
(Laws 1855, Act No. 109), is entitled "Gas-Light Com-
panies."   Chapter 191, originally passed in 1881 (Pub.
Acts 1881, Act No. 70), is entitled "Electric-Light Com-
panies."   Chapter 192, originally passed in 1861 (Laws

1861, Act No. 97), is entitled "Associations for Printing Books, Newspapers, and Other Publications."

Counsel insist Act No. 232 of the Public Acts of 1903 is unconstitutional: (*a*) The title does not reasonably announce the object of the law; (*b*) the object of the law is not a single one, consistent with its general purpose.

They say the purpose of the Constitution is:

"To prevent the legislature and the people from being misled by the title of a law and the use of deceptive titles as a cover for vicious legislation, and to prevent the practice of bringing together into one bill, for corrupt purposes, subjects diverse and dissimilar in their nature, and having no necessary connection with each other, and to prevent surprise, logrolling, or fraud in legislation by means of provisions in bills of which the titles give no intimation. *People* v. *Mahaney*, 13 Mich. 481; *In re City of New York*, 57 App. Div. 166 (68 N. Y. Supp. 196); 26 Am. & Eng. Enc. Law (2d Ed.), p. 572, and cases cited in note 3. Within this statement of the law, the title   *   *   *   is unconstitutional.

"This contention is supported and illustrated by *Lewis* v. *Dunne*, 55 L. R. A. 833 (134 Cal. 291, 66 Pac. 478, 86 Am. St. Rep. 257), and the exhaustive notes thereto."

They also cite other cases.

It is said:

"The title to this act does not fairly express the general subject of the law, nor does it contain provisions for the proper means and instrumentalities which will or may facilitate the accomplishment and enforcement of the purposes it is intended to express. *People* v. *Mahaney*, 13 Mich. 481.

"The repealing section is neither expressed in nor suggested by the title, nor is it cognate or germane to the subject covered by the act, and could not reasonably be looked for or anticipated under its title. *Blades* v. *Board of Water Com'rs of Detroit*, 122 Mich. 366 (81 N. W. 271); *City of Lansing* v. *Board of State Auditors*, 111 Mich. 327 (69 N. W. 723); *Northwestern Manfg. Co.* v. *Wayne Circuit Judge*, 58 Mich. 381 (25 N. W. 372, 55 Am. Rep. 693)."

It is claimed that no one, from reading the title, could anticipate the repeal of the laws mentioned in section 37.

Does the title reasonably announce the object of the law? It, in express terms, states its purpose to be to "revise and consolidate the laws providing for the incorporation of manufacturing and mercantile companies," etc.   We think this language indicates an intention to include in the act control over the incorporation of the companies, and that the title does reasonably indicate the purpose of the law.   See *Attorney General* v. *Parsell*, 100 Mich. 170 (58 N. W. 839); *Graham* v. *Muskegon County Clerk*, 116 Mich. 571 (74 N. W. 729); Cooley, Const. Lim. (6th Ed.) 174.

Is the object of the law a single one, which is consistent with its general purpose?

In *People* v. *Mahaney*, 13 Mich. 481, Justice COOLEY, speaking for the court, said:

"But it is insisted that the whole law is unconstitutional and void, because in violation of section 20 of article 4 of the Constitution, which provides that 'no law shall embrace more than one object, which shall be expressed in its title.'   The history and purpose of this constitutional provision are too well understood to require any elucidation at our hands.   The practice of bringing together into one bill subjects diverse in their nature, and having no necessary connection, with a view to combine in their favor the advocates of all, and thus secure the passage of several measures, no one of which could succeed upon its own merits, was one both corruptive of the legislator and dangerous to the State.   It was scarcely more so, however, than another practice, also intended to be remedied by this provision, by which, through dexterous management, clauses were inserted in bills of which the titles gave no intimation, and their passage secured through legislative bodies whose members were not generally aware of their intention and effect.   There was no design by this clause to embarrass legislation by making laws unnecessarily restrictive in their scope and operation, and thus multiplying their number; but the framers of the Constitution meant to put an end to legislation of the vicious character referred to, which was little less than a fraud upon the public, and to require that in every case the proposed measure should stand upon its own merits, and that the legislature should be fairly notified of its design when

required to pass upon it.    See *Board of Sup'rs of Ramsey Co.* v. *Heenan,* 2 Minn. 336.

"But this purpose is fully accomplished when the law has but one general object, which is fairly indicated by its title.    To require that every end and means necessary to the accomplishment of this general object should be provided for by a separate act relating to that alone would not only be senseless, but would actually render legislation impossible."

See *Connecticut Mutual Life-Ins. Co.* v. *State Treasurer,* 31 Mich. 6, and cases there cited; *People* v. *Bradley,* 36 Mich. 447; *Attorney General* v. *Weimer,* 59 Mich. 580 (26 N. W. 773); *People* v. *Phippin,* 70 Mich. 6 (37 N. W. 888); *Soukup* v. *Van Dyke,* 109 Mich. 679 (67 N. W. 911), and the cases there cited.

We think the purpose of the act was to provide a general law under which the corporations named in it might be organized and brought under one general rule, instead of incorporating under several laws, as they were required to do before the act became a law.

We conclude the law is a valid one, and decline to issue the writ as prayed.

The other Justices concurred.