REIMINK *v.* STRABBING.

1. STATUTES—REPEAL.
    The repeal of a statute by implication is not favored.

2. SAME—HIGHWAYS AND BRIDGES—PUBLIC OFFICERS.
    Section 3 of Act No. 37, Pub. Acts 1907, providing that the
    highway commissioner of a township shall be authorized to
    buy necessary material for purposes approved by the town-
    ship board, in amounts under five hundred dollars, is repealed
    by Act No. 108, Pub. Acts 1907, which is inconsistent with
    the prior act in dividing the funds obtained into a road repair
    tax and highway improvement fund, and in determining the
    method of expenditure and amount to be used under the
    supervision of the township board.

3. COSTS—MANDAMUS AND CERTIORARI.
    On the review by certiorari of an order issuing a writ of man-
    damus, costs were awarded to neither party on the ground
    that a matter of public interest was involved.

Certiorari to Allegan; Padgham, J.    Submitted March
2, 1909.    (Calendar No. 23,254.)    Decided July 6, 1909.

Mandamus by Ed. Reimink to compel Henry Strab-
bing, township clerk, to countersign an order for the pay-
ment of steel ordered by the highway commissioner.    An
order granting the writ is reviewed by respondent on writ
of certiorari.    Reversed.

*Wilkes & Stone,* for relator.

*Smedley & Corwin* and *Diekema & Kollen,* for re-
spondent.

MOORE, J.    The relator, upon the order of the highway
commissioner, furnished material for bridge purposes to
the amount of more than $300.    The township board and
the voters of the township authorized the expenditure for
bridge purposes of more than the sum in question.    A

dispute has arisen as to whether the expenditure when authorized may be made by the highway commissioner, or whether it must be made by the township board.

Counsel are agreed that the only question before this court is whether section 4169, 2 Comp. Laws, as amended by Act No. 37 of the Public Acts of 1907, has been repealed by Act No. 108 of the same session. That part of Act No. 37, *supra*, which is material here, reads as follows:

"SEC. 3. In all cases involving an expenditure of an amount over fifty dollars and not exceeding five hundred dollars, in the repairing or construction of roads or bridges, in any township of this State, the commissioner shall submit the proposed expenditure to the township board, and upon the approval of the said board, the commissioner may make such repairs or cause them to be made; may do the construction work or cause it to be done; may buy the necessary materials and hire the necessary help, but if the proposed expenditure is of an amount greater than five hundred dollars, the commissioner shall first submit the same to the township board, and upon approval of the said board the commissioner shall advertise for sealed proposals for the doing of such work and the making of such repairs, and together with the township clerk, subject to approval of the township board, shall contract with the lowest bidder giving good and sufficient security for the performance of the work," etc.

This act was approved April 3, 1907.

Section 1 of Act No. 108, *supra*, provides that the highways in every organized township shall be laid out, improved, and maintained by two money taxes; one tax shall be known as the " road repair tax," and the other tax shall be known as the "highway improvement tax."

Section 9 reads in part as follows:

" The road repair tax shall be expended for labor, material and other necessary expenses, under the supervision and by the direction of the township highway commissioner, on the highways and bridges which will directly benefit the property taxed, not exceeding one hundred

dollars on any one mile of highway, unless otherwise directed by the township board."

Section 10 reads as follows:

"The highway improvement fund shall be expended by the township highway commissioner under the direction of the township board in laying out, building and permanently improving or repairing highways and bridges and in the employment of labor, purchasing of material, tools or machinery to be used therefor."

The final section of the act repealed sections 4072–4103, inclusive, 2 Comp. Laws, and all acts and parts of acts contravening the provisions of this act.

Act No. 108 was approved May 22, 1907.

It is the contention of the relator that as section 3 of Act No. 37 was not repealed in express terms, and is not inconsistent with the provisions of Act No. 108, the provisions of Act No. 37 still stand.

Repeals by implication are not favored. See *Hoffman* v. *Lumber Co.*, 138 Mich. 5 (100 N. W. 1010, 104 N. W. 424), and cases cited.

Are the provisions of the two acts inconsistent with each other so that the later act repeals the former one? It is apparent from the provisions already quoted from the later act that, after it became the law, all taxes for highway purposes came under one of two heads, *i. e.*, one tax, known as the "road repair tax," and the other tax, known as the "highway improvement tax." Explicit provisions are made as to how each of these funds may be expended. These provisions are different from what they were before the enactment of the later statute, and are inconsistent therewith. See *Wright* v. *Board of Com'rs of Tipton Co.*, 82 Ind. 337; *Shannon* v. *People*, 5 Mich. 71; *Feige* v. *Railroad Co.*, 62 Mich. 1 (28 N. W. 685); *Graham* v. *Muskegon County Clerk*, 116 Mich. 571 (74 N. W. 729); *Attorney General* v. *Commissioner of Railroads*, 117 Mich. 477 (76 N. W. 69). See, also, *Mackey* v. *Township of Columbus*, 71 Mich. 227 (38 N. W. 899);

*Rens* v. *City of Grand Rapids*, 73 Mich. 237 (41 N. W. 263).

It follows that the order of the circuit judge compelling the issuing of the order should be vacated and relator's petition dismissed. As the question is one of public interest, no costs will be allowed to either party.

BLAIR, C. J., and GRANT, MONTGOMERY, and MCALVAY, JJ., concurred.