### CEPHAS B. KETCHUM v. MARSHALL D. ROBINSON.

*Writ of assistance—Possession as between contract purchaser and purchaser on foreclosure.*

A foreclosure purchaser of land which was mortgaged with the consent of the contract purchaser is entitled to possession as against the latter, and the grantee of the purchaser on foreclosure is equally entitled to possession so far as relates to all matters preceding the sale.

In a proceeding by a purchaser on foreclosure for a writ of assistance against a contract purchaser, the latter cannot avoid the effect of the foreclosure by setting up equities between himself and other defendants before the sale, and by connecting the petitioner with them.

Appeal from Wayne.     Submitted June 15.     Decided June 21.

PETITION for writ of assistance.     Defendant Robinson appeals from the allowance thereof.     Appeal dismissed.

*Walker & Walker* for petitioner.     The grantee of a foreclosure purchaser has the latter's rights and is entitled to the writ of assistance: *N. Y. Life Ins. Co. v. Rand* 8 How. Pr. 35.

*F. A. Baker* for defendant appellant.

GRAVES, C. J.   In October, 1879, George C. Mahon filed his bill to foreclose a mortgage given by Daniel B. Hibbard, Jr., and Irene T. Hibbard, his wife, to said Mahon.   Marshall D. Robinson was in possession under a contract to pur-

chase from the mortgagor and one Kane, but the latter had
transferred his interest to Hibbard.    The mortgage was
given with Robinson's assent.   In October, 1878, Hibbard
deeded to his wife and transferred to her his interest in the
contract, and in 1879 she assigned the contract to one Abbott
and the petitioner Ketchum to indemnify them for being
sureties for her husband in a replevin bond.   This assign-
ment was with Robinson's assent and he made his payments
to Abbott until about the time the foreclosure suit was
instituted.

Hibbard and wife and Robinson and Abbott were joined
as defendants in the foreclosure and each was personally
served with process.   But neither appeared and the bill was
taken as confessed by all.   The case proceeded regularly to
decree and sale and Sarah Mahon became the purchaser for
the full amount due on the mortgage, and the sale was con-
firmed.   A month later she conveyed to the petitioner and
he proceeded to demand possession of Robinson, who
refused.   Application was then made for a writ of assist-
ance and the defendant Robinson opposed it.   The court
however made the order and Robinson appealed.

The purchase by Sarah Mahon entitled her to possession
as against Robinson and the petitioner as her grantee is
equally entitled.   As to all matters prior to the sale he
stands for the purpose of having possession in the shoes of
his grantor.   The force of the proceeding remains as it was
and is not impaired by the transfer from Mrs. Mahon to the
petitioner.   The steps connected with the demand of pos-
session are not excepted to.

The respondent seeks to avoid the effect of the foreclosure
proceedings by setting up equities between him and other
of the defendants prior to the sale and by connecting the
petitioner with them.   We consider it clear that such mat-
ters cannot be litigated in this proceeding, and we dismiss
the appeal with costs.

The other Justices concurred.