O'CONNOR *v.* CARPENTER.

1. CONSTITUTIONAL LAW—DUE PROCESS—TAX TITLES — NOTICE — SUFFICIENCY.

    A notice by a tax sale purchaser to the owner of the original title which complies with section 140 of the general tax law, but which makes no reference to section 143, as amended by Act No. 128; Pub. Acts 1901, and concludes with the statement that if the payment demanded is not made, the party giving the notice will institute proceedings for possession of the land, does not constitute due process of law, and is ineffectual to bar the owner from contesting the tax title as provided by said Act No. 128.

2. SAME—STATUTE—VALIDITY.

    Section 143 of the general tax law, as amended by Act No. 128, Pub. Acts 1901, is an attempt to compel one who is in full possession of his property, and who thereby makes the most positive assertion of his rights, to resort to a court, not to gain his own, but to restrain another from asserting an unwarrantable claim, and is therefore unconstitutional as a deprivation of property without due process of law.

3. SAME—NONJURISDICTIONAL DEFECTS.

    The statute not being a curative act, it cannot be sustained as amounting to a prohibition against raising a question of the validity of a tax title based on a defect arising out of an omission of an act which might originally have been dispensed with.

Case made from Ingham; Wiest, J. Submitted February 13, 1906. (Docket No. 131.) Decided May 24, 1906.

Ejectment by William O'Connor against Frank L. Carpenter and others. There was judgment for plaintiff, and defendant Carpenter appeals. Reversed.

*Frank L. Carpenter,* in pro. per.

*Thomas, Cummins & Nichols,* for appellee.

MONTGOMERY, J.    Plaintiff brought ejectment against appellant and three other defendants for an undivided half of lot 10 of Seymour's subdivision of the S. W. ¼ of section 10, city of Lansing, according to plat thereof, which premises the plaintiff claims in fee.   The defendant admittedly held the original government title.   The plaintiff's tax title was admittedly invalid originally because of his failure, on making the purchase, to pay the taxes then assessed against the land.   See *Hughes* v. *Jordan*, 118 Mich. 27.   The plaintiff relied upon section 143 of the tax law (Act No. 229, Pub. Acts 1897), as amended by Act 128 of the Public Acts of 1901, as precluding the defendant from raising the question of the validity of his tax deed, the plaintiff having shown the service upon the original owner of the notice given by him as purchaser of the tax title, which notice complied with section 140, Act No. 229, Pub. Acts 1897.

It is claimed by the appellant that the title to the act of 1901 is not broad enough to cover the provisions of the act itself, but the most important question is whether, assuming that the title is sufficiently broad to cover the statute in its terms, the method provided for defeating the title of the original owner is due process of law.   The provision is:

" Every person personally served with the notice provided for [ by section 140],    *    *    *    who shall refuse or neglect to pay or tender to the purchaser as aforesaid the sum provided for in said act within the time therein limited, and, who shall have neglected within the said six months to commence suit to set aside the said tax deed shall thereafter be barred from questioning the validity of such tax title or tax deed mentioned therein."

It is significant that the notice given to the owner of the original title contains no reference to this amended section, nor does the notice in terms require the owner to take any steps to test the right of the purchaser of the tax title within six months or any other stated time.   Indeed, so far as any implication could arise from the terms

144 MICH.—16.

of the notice, it would be that no necessity would arise for action on the part of the real owner and occupant. The notice concludes with the statement that, if the payment demanded is not made, the party giving the notice will institute proceedings for possession of the land. Such a notice to one not versed in the law might induce a feeling of security rather than excite concern or apprehension. One owning and occupying land, knowing his title to be good and being assured by a claimant that unless unwarranted demands were complied with an action would be instituted to test the title, might well await in security such action. Is a notice, calculated on its face to lead the occupant into a feeling of security, due process of law by which the title of the true owner can be divested by mere inaction? It is obvious that as no notice which in terms calls for any action is given, the only process of law is the statute itself. It is as though the statute had provided that all who own and possess lands against which an identified person claims a tax title, must institute proceedings to attack such tax title within six months. Such is not due process of law. It is an attempt to compel one who is in full possession of his property and who thereby makes the most positive assertion of his rights, to resort to a court, not to gain his own, but to restrain another from asserting an unwarrantable claim. In Cooley on Constitutional Limitations (6th Ed.), p. 449, it is said:

"One who is himself in the legal enjoyment of his property cannot have his rights therein forfeited to another for failure to bring suit against that other within a time specified to test the validity of a claim which the latter asserts but takes no steps to enforce."

See, also, *Groesbeck* v. *Seeley*, 13 Mich. 329.

It is argued that while the statute may be held not to amount to due process of law in so far as it purports to give validity to a void tax title, the invalidity of which arises out of a jurisdictional defect resulting from a failure to do some act which could not have been dispensed

with, it may still be sustained as amounting to a prohibition against raising a question of the validity of a tax title based on a defect arising out of an omission of an act which might originally have been dispensed with. We are not able to make this distinction. The statute in question is not a curative act. It purports to be a statute of limitations. It makes no distinction between tax titles of varying degrees of validity. The attempt is to prohibit the owner and occupant from attempting any contest after the lapse of a certain length of time. This prohibition purports to be based on the owner's laches rather than on the nature of the tax title. Nothing in the statute purports to cure defects in such tax title. The effort is to prohibit the true owner from revealing those defects after a certain date.

It results, from the views above expressed, that the judgment must be reversed, and a new trial ordered.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.