PEOPLE *v.* CHRISTIAN.

1. PUBLIC LANDS—TRESPASS—CRIMINAL LAW—INTENT—NECESSITY
   —STATUTES.
   By amending section 1394, 1 Comp. Laws, providing for the
   punishment of "willful" trespasses on State lands, by omit-
   ting the quoted word, the legislature disclosed a clear inten-
   tion to dispense with the element of intent or willfulness,
   which it was entirely competent to do. (Act No. 210, Pub.
   Acts 1903.)

2. LIMITATION OF ACTIONS—STATUTE—VALIDITY—REASONABLENESS
   —TAX HOMESTEAD LANDS.
   Act No. 84, Pub. Acts 1903, limiting to six months the time
   within which action may be brought to annul the State's
   title to lands theretofore deeded to the State as State tax
   homestead lands is not invalid as prescribing an unreasonable
   period.

3. CRIMINAL LAW—EVIDENCE—BEST EVIDENCE—DEGREES OF SEC-
   ONDARY EVIDENCE.
   Where respondent on trial for trespassing on State land offers
   to prove by parol the contents of a letter he claims to have
   received from the commissioner of the State land office and
   lost, it is error to reject his testimony on the ground that a
   letter-press copy of the letter may be found at the office of
   the commissioner, since there are no degrees of secondary
   evidence.

Exceptions before judgment from Alcona; Connine, J.
Submitted February 15, 1906. (Docket No. 214.) De-
cided May 24, 1906.

Frank Christian was convicted of trespass under Act
No. 210, Pub. Acts 1903. Reversed.

*Henry K. Gustin*, for appellant.

*John E. Bird*, Attorney General (*Charles W. Mc-
Gill* and *George L. Hauser*, of counsel), for the people.

GRANT, J.   The respondent was convicted under Act No. 210, Pub. Acts 1903, of inducing and directing another to cut and remove certain timber from State tax homestead lands.   The statute provides that every person not lawfully authorized, who shall enter·upon or induce or direct any person to enter upon such lands and cut timber therefrom, shall be deemed guilty of a felony, and be punished by imprisonment in the State prison for a term not exceeding two years, or by a fine not exceeding $500, or by both such fine and imprisonment.

The act which this amended (1 Comp. Laws, § 1394) provided for the punishment of a "willful" trespass, making it a misdemeanor, punishable by imprisonment for not more than one year, or by a fine not exceeding $500, or both.

1. The main question in the case is:   Was it necessary for the people to show the intent to commit a trespass, or to induce another to do it ?   It is admitted that the trespass was committed by the direction of the respondent, that' the State had a tax deed, and that it was recorded in the office of the register of deeds in the county where the land trespassed upon was situated.

Respondent claims that he relied upon a quitclaim deed from some third person, without any examination of the title.   The legislature evidently intentionally left out the ingredient of willfulness or intent.   Experience had shown the difficulty in proving the trespass to be willful or intentional.   It is of no consequence that the crime is called a felony.   It might as well have been called a misdemeanor.   *People* v. *Rotter*, 131 Mich. 250.   In that case the punishment was not to exceed $500 or imprisonment not more than three years, or both, and the offense was termed a misdemeanor.

If the contention of the respondent be sustained, the statute is of little worth, because any one can purchase a quitclaim deed, which of itself is suspicious, and say he acted in good faith.   It is just as competent for the legislature to make an act of trespass per se criminal as it is to

make the opening of a saloon per se criminal.   The saloon-keeper is responsible for the acts of his bartender, though he be ignorant of the act.   The power of the legislature to do away with intent in such case is undoubted.  *People* v. *Longwell*, 120 Mich. 311.   In that case we said:

"It is as easy for liquor dealers to employ clerks and agents who will carry out their instructions not to make prohibited sales as it is to employ those who will obey their instructions not to open their places of business contrary to law."

See, also, 12 Cyc. p. 148.   It is just as easy for lumber-men to ascertain the title to the lands from which they propose to take timber, especially where the title is a matter of public record.   Trespasses upon public lands have become notorious.   Considering the law previous to the amendment, and as amended, and the particular mischief to be remedied (*Michigan Dairy Co.* v. *Runnels*, 96 Mich. 109), we think there is no difficulty in reaching the conclusion that the legislature intended to eliminate the question of intent.   See, also, Clark & Marshall on the Law of Crimes (2d Ed.), p. 63; *Caldwell* v. *Ward*, 83 Mich. 14.   A similar statute was so construed by the supreme court of South Dakota.   *State* v. *Dorman*, 9 S. Dak. 528.   The court in that case say that it is ruled by *State* v. *Sasse*, 6 S. Dak. 212, wherein the respondent was convicted of selling intoxicating liquor to a minor, and it was held that good faith was unimportant.   See, also, *People* v. *Rotter*, supra, and authorities there cited.

2. The people introduced the State tax homestead deed, dated August 25, 1896, and recorded September 23, 1896, in the office of the register of deeds of Alcona county. The deed recites that the lands were bid off to the State at the tax sales in the years 1877 to 1895, inclusive, and that they were, in compliance with the law, deeded to the State as tax homestead lands.   The people further introduced the State tax land list, which showed the various years for which they had been bid off to the State.   The trespass was committed in December, 1904.

It was urged that it was the duty of the people to introduce all the tax proceedings upon which this tax deed was based, and to show their validity. The statute (Act No. 84, Pub. Acts 1903) imposes a limitation to the right to bring suit to six months from the time the act took effect. The act took effect in September, 1903. A like statute of limitations was held valid by this court. *Semer* v. *Auditor General*, 133 Mich. 569.

3. Error is alleged upon the refusal of the court to permit the respondent to testify to the contents of a letter he claims to have received from the commissioner of the land office some time in the fall of 1904, and which he claimed was lost. He claims that he "wrote the land commissioner, asking him what claim they had to this land. I got a reply that they did not have any claim against that particular forty." Before the judge ruled upon the question, counsel for respondent stated that he had telegraphed for a certified copy of the letter-press copy of such letter, but had not received it. The court then held:

"I think the formal objection is well taken. If there is a letter-press copy, and that letter in the office of the official who wrote it, it could be easily procured."

We are compelled to hold that this was error.

There are no degrees in secondary evidence, and for this reason the conviction must be reversed.

McAlvay, Blair, Montgomery, and Moore, JJ., concurred.