IN RE ESTATE OF DANIEL ERICKSON.

LEVI ERICKSON, APPELLANT, V. MINNIE NYBLOM, APPELLEE.

FILED MARCH 21, 1907. No. 14,728.

Administrators: ALLOWANCES: CONCLUSIVENESS. The rule that the allowance of claims by the probate court is tantamount to a judgment applies only to such claims as were debts against the decedent himself, and not to expenses or disbursements of the administration. The latter are not conclusively determined until final settlement by the administrator and judgment thereon by the probate court.

APPEAL from the district court for Saunders county: ARTHUR J. EVANS, JUDGE. Affirmed.

V. L. Hawthorne and J. L. Sundean, for appellant.

Simpson & Good and John Tongue, contra.

JACKSON, C.

Daniel Erickson died intestate in January, 1902. His heirs were Mary Erickson, widow, Levi Erickson, a son, Minnie Nyblom and Emma Jorgenson, daughters. No administration of the estate was had until September 24, 1904, when the son, Levi, was appointed administrator. By the terms of a notice limiting the time for the presentation of claims against the estate, April 21, 1905, was fixed as the last day for filing and the day following for hearing and action on claims. On April 22, 1905, Levi Erickson, without notice and without first procuring an order for leave, filed a claim for managing farm and labor from January 22, 1902, to April 22, 1905, at $35 a month— $1,365. On April 24 this claim was allowed by the county judge to the amount of $800. On May 22, 1905, Minnie

Nyblom and Frank Nyblom filed an application for a rehearing of the claim, on the theory, apparently, that it was allowed on the 22d day of April, charging that that day was a legal holiday and that the court was without jurisdiction to act; that Levi Erickson had had the use and occupation and income from the real estate of Daniel Erickson, deceased, without agreement of parties, and that no commission had been appointed by the probate court to act upon claims against the estate. The hearing on the application seems to have been set for the 29th day of September, 1905. On September 26 Minnie Nyblom filed an objection to the allowance of the claim, for the reason that the claim was not filed within the time allowed by the court within which to file claims against the estate; that the claim was exorbitant and unjust; that Levi Erickson was a member of the family at the time of the death of his father, and continued to be a member, living with his mother during the entire period for which the claim was made, and that the estate was not liable for the services rendered by him. On the same day she filed another motion to set aside the order allowing the claim, embracing substantially the same grounds. On the day set for hearing the motion and objection the county court vacated the order allowing the claim, permitted the filing of the objection, and disallowed the claim *in toto*. Levi Erickson prosecuted error to the district court, where the order of the county court was affirmed, and from the judgment of the district court he has appealed.

It will be observed that Levi Erickson is administrator of the estate; that his claim for services commenced with the death of his parent and continued to the date of the filing of the claim; that it was filed after the time had expired for the filing and allowance of general claims against the estate. It seems to be the contention of the appellant that the order allowing his claim was a final judgment; that the several appearances of Minnie Nyblom, one of the heirs, by way of application to set the order aside and objections thereto, amounted to a waiver of any irregu-

larity in obtaining the order; and that the administrator of the estate, having notice of the claim, his acts were binding on the estate. We do not regard the procedure of the county court in allowance of claims of this character as being governed by the general rules controlling litigation between private parties. The claim was not one in existence at the death of the decedent, and ·was not of that character contemplated by the general order fixing the time for filing claims against the estate. It was a claim covering two elements: First, for services as administrator *de son tort;* and, second, for services as administrator *de jure.* The rule that the allowance of claims by the probate court is tantamount to a judgment applies only to such claims as were debts against the decedent himself, and not to expenses or disbursements of the administrator. The latter are not conclusively determined until final settlement by the administrator and judgment thereon by the probate court. 2 Black, Judgments (2d ed.), sec. 641. The rule there announced has been followed by this court and is the recognized law of the state. *Bachelor v. Schmela,* 49 Neb. 37; *Boales v. Ferguson,* 55 Neb. 565. Objection to the claim might have been deferred until the final settlement of the accounts of the administrator, and then been as effective as an objection to the claims as though such objection had been filed prior to the order of allowance on April 24, 1905.

Whatever may be said of the several motions and objections of Minnie Nyblom, they were not binding upon the estate, nor sufficient, in our judgment, to estop her from insisting that the order should be set aside and the claim disallowed, if found to be without merit. It is urged with considerable persistence that the knowledge of the administrator of the filing and allowance of the claim is binding on the estate. What has already been said effectively disposes of this contention.

We find no reversible error in the record, and recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.