BEUTHIEN *v.* DILLON.

1. CONSTITUTIONAL LAW—TAXATION—STATUTE OF LIMITATIONS.
   Act No. 84, Pub. Acts 1903, is constitutional and valid in limiting the time to six months in which to institute proceedings to vacate or annul any tax homestead deed.

2. EQUITY — LACHES — TAXATION — SETTING ASIDE JUDICIAL PROCEEDINGS.
   A suit to avoid the decree of the circuit court for irregularities in proceedings for the sale of lands for taxes is barred by the laches of an owner who neglects for twenty-four years to pay any taxes and delays for upwards of nine years to attack the determination of the auditor general and commissioner of the State land office declaring them to be tax homestead lands.

3. SAME—PLEADING—EQUITY PRACTICE—FAILURE TO DENY AVER-
MENTS OF CROSS-BILL.

Possession of the defendant, averred in the cross-bill and not
specifically denied, is not admitted by a complainant whose
bill avers that the lands involved are wild and uninclosed.

Appeal from Roscommon; Sharpe, J. Submitted February 8, 1910. (Docket No. 179.) Decided March 19, 1910.

Bill by Enewold A. Beuthien against Thomas Dillon and others to quiet title to lands and vacate the sale of lands delinquent for taxes. From a decree for complainant, defendants appeal. Affirmed.

*Gaffney & Miltner*, for complainant.

*Dayton W. Closser*, for defendants Dillon and Dewey Stave Co.

On October 25, 1905, complainant purchased from the State of Michigan certain lands in Roscommon county, for an expressed consideration of $1,422.11. These lands had been acquired by the State by deeds from its auditor general, bearing date May 15, 1896, for unpaid taxes for years between 1880 and 1893. The deeds contained the recital that the auditor general and the commissioner of the State land office had caused examination of the lands to be made, as provided in section 127, Act No. 206, Pub. Acts 1893 (1 Comp. Laws, § 3949), and that a certificate had been filed by the examiner, showing said lands to be barren, swamp or worthless lands, and that said lands had been abandoned by the owner. Thereafter the lands were withdrawn from taxation, and held by the State land commissioner as State tax homestead lands, and later were by him withdrawn from homestead, appraised, and sold to complainant. In July, 1906, complainant filed his bill of complaint against defendants, each of whom held the legal title to some part of the land conveyed to him by the State, averring that said lands are in a wild state and are in the commons without inclosure, and pray-

ing that the title of the said defendants be decreed null and void, as against complainant.

Two of the defendants, Thomas Dillon and the Dewey Stave Company, answered and filed cross-bills, in which they claimed that they were in possession of the lands of which they severally held the legal title, and averred that the taxes for which their lands were sold were void, and that the proceedings leading to the decree and sale were irregular and void. To these cross-bills complainant answered:

"*a*. This complainant neither admits nor denies the matter as alleged in the several answers in the nature of cross-bill by these defendants, but leaves defendants to their respective and several proofs as therein stated.

"*b*. That the plaintiff, Enewold A. Beuthien, further alleges that the said defendants are hereby precluded from attacking his title as shown by his bill of complaint and that on account of the laches of said defendants, they and each of them, are estopped by reopening the matter of irregularity of record relating to taxes and decree of sale.

"*c*. Therefore the complainant prays that the said matter as set up in these respective answers and cross-bill to said bill of complainant be dismissed and that the plaintiff may have the remedy as prayed for in the bill of complaint, with costs."

From a decree in favor of complainant, defendants appeal.

BROOKE, J. (*after stating the facts*). At the hearing, the complainant offered in evidence the deeds from the auditor general to the State, dated May 15, 1896, and the deeds from the commissioner of the State land office to himself, dated October 25, 1905, and rested. The defendants offered in evidence the proceedings of the board of supervisors of Roscommon county, the sales book, the tax records, and the several files in the original proceedings on the petition of the auditor general, for the sale of the lands in question, for unpaid taxes, together with the circuit court journal of Roscommon county, so far as it related to such proceedings. This testimony tended to show that the taxes had been irregularly levied, and that

the circuit court proceedings were in some particulars defective. It should have been considered by the circuit judge, if these defendants are now in a position to urge such irregularities and defects.

Act No. 211, Pub. Acts 1905, provides:

"All deeds heretofore or hereafter made by the commissioner of the State land office upon sales of land, reserved and withheld from entry under the homestead right in pursuance of section 131 of Act No. 206 of the Public Acts of 1893, and acts amendatory thereto, shall be *prima facie* evidence of title in fee, in the grantee named in such deeds of the lands described therein."

Act No. 84, Pub. Acts 1903, provides:

"After the expiration of six months from and after the time when any deed made to the State under the provisions of section 127 of Act No. 206 of the Public Acts of 1893, being the general tax law, and acts amendatory thereto, shall have been recorded in the office of the register of deeds, for the county in which the land so deeded shall be situated, the title of the State in and to the same, shall be deemed to be absolute and complete, and no suit or proceeding shall thereafter be instituted by any person, claiming through the original or government title to set aside, vacate or annul the said deed or the title derived thereunder: *Provided,* That as to all lands heretofore deeded to the State under the provisions of said section 127 of said Act No. 206 of the Public Acts of 1893, the title of the State thereto shall be deemed to be absolute and complete, after a period of six months from the taking effect of this act, and no suit or proceeding shall thereafter be instituted by any person, claiming through the original or government title to set aside, vacate or annul said deed or deeds or the title derived thereunder."

If the foregoing act is constitutional, the appellants have no standing. This statute received consideration by the court, in *People* v. *Christian*, 144 Mich. 247 (107 N. W. 919), when Mr. Justice GRANT, speaking for the court, said:

"The statute (Act No. 84, Pub. Acts 1903) imposes a limitation to the right to bring suit to six months from the time the act took effect. The act took effect in September, 1903. A like statute of limitations was held valid by this

court. *Semer* v. *Auditor General*, 133 Mich. 569 (95 N. W. 732)."

See, also, *Griffin* v. *Kennedy*, 148 Mich. 583 (112 N. W. 756), and *Jackson, etc., R. Co.* v. *Lumber Co.*, 146 Mich. 204 (109 N. W. 257). Again, in the case of *Owens* v. *Auditor General*, 147 Mich. 688 (111 N. W. 356), the court said:

" Counsel contend that by reason of the provision of Act No. 84, Pub. Acts 1903, all laches are excused, and the owner of the original title is given six months after said act took effect in which to attack the sales. We do not so interpret said act, but think that it was intended to fix a period limiting a time after which certain sales cannot be attacked."

It is urged on behalf of defendants that these statements of the court are mere *dicta*. We do not so construe them. Whatever may be said of the language upon this particular point in *Owens* v. *Auditor General, supra*, we think it can scarcely be claimed that the statement of Mr. Justice GRANT, in *People* v. *Christian, supra*, does not, in effect, pass upon the constitutionality of the act. In any event, the decision and reasoning in the case, *Semer* v. *Auditor General, supra*, where a similar statute of limitations was held constitutional, is conclusive. Defendants rely upon the decision in *O'Connor* v. *Carpenter*, 144 Mich. 240 (107 N. W. 913). There, the defendant was in possession, the plaintiff brought ejectment, and the court was called to pass upon section 140, Act No. 229, Pub. Acts 1897 (1 Comp. Laws, § 3959). The court held the section under consideration bad, as not being " due process of law." Further:

"It is an attempt to compel one who is in full possession of his property and who thereby makes the most positive assertion of his rights, to resort to a court, not to gain his own, but to restrain another from asserting an unwarrantable claim."

No such situation is presented by the case at bar. The defendants, both nonresidents, paid no taxes for 24 years. After default of 15 years, and in 1896, the auditor gen-

eral and the commissioner of the State land office, at the request of the township board of the township of Markham, caused the lands to be examined under the provisions of section 127, Act No. 206, Pub. Acts 1893 (1 Comp. Laws, § 3949), and a certificate was filed, declaring them to be barren, swamp or worthless, and abandoned by the owner. For nine years this determination has stood unchallenged by these defendants, during which time the lands have been withdrawn from taxation. Under the decision in *Griffin* v. *Kennedy, supra*, this determination is conclusive, not having been assailed by suit within six months. In the case of *Owens* v. *Auditor General, supra* (to which particular attention is directed), this court refused to entertain a petition to set aside a decree, made ten years before, solely upon the ground of laches. Leaving out of consideration the statutes, and examining the appellants' cross-bills alone, we are of opinion that relief should be denied because of their laches.

Appellants urge that the record shows that it is admitted they are in possession, because of the averment of possession in the cross-bills, and the answer of the complainant above quoted. We cannot agree with this contention. The original bill of complaint averred that the lands were in a wild, uninclosed state. This the cross-bills deny, and thus an issue was raised, but no proof was offered by defendants to show possession, either at the time the determination of abandonment was made or at any time since.

Under these circumstances, we do not think it can be said that, because complainant did not specifically deny the averment of possession in his answer to the cross-bills, he thereby admitted it. The entire course of action of defendants, as disclosed by the record, negatives the fact.

The judgment is affirmed.

BLAIR and STONE, JJ., concurred with BROOKE, J.

MCALVAY, J., I concur on the ground of laches.

MONTGOMERY, C. J., concurred with MCALVAY, J.