CHIODO *v.* WILLIAMS.

1. EQUITY—PRACTICE—TAXATION—WRIT OF ASSISTANCE.

Under Act No. 211, Pub. Acts 1905 (1 How. Stat. [2d Ed.] § 2021), making the deed of the State land commissioner *prima facie* evidence of title, a petition for writ of assistance to obtain possession of tax homestead lands purchased by third parties and conveyed to the petitioner, was sufficient without alleging the regularity of the proceedings leading up to the issuance of such deed where the petition showed the due execution and delivery of State deeds and making of a demand on the defendant, who was in possession and to whom the petitioner exhibited the deeds conveying title to him.

2. SAME—WRIT OF POSSESSION—EJECTMENT—REMEDY.

The trial court correctly held that a writ of possession was the proper remedy to put the purchaser of tax homestead lands in possession, that the action of ejectment was not the sole remedy. 1 Comp. Laws, § 3959, as amended (1 How. Stat. [2d Ed.] § 1911).

3. TAXATION—STATE TAX LANDS.

After six months from the date on which deeds to the State of tax homestead lands have been recorded under section 127 of the general tax law, Act No. 107, Pub. Acts 1899 (1 How. Stat. [2d Ed.] § 1898), the owner of the premises is precluded from contesting the validity of the proceedings.

Appeal from Muskegon; Sessions, J. Submitted January 13, 1913. (Docket No. 85.) Decided June 1, 1914.

Petition by Emanuel Chiodo against John Williams for a writ of assistance. From an order granting the writ, defendant appeals. Affirmed.

*Turner & Turner,* for appellant.

*Cross, Vanderwerp, Foote & Ross,* for appellee.

Bird, J. The petitioner applied to the Muskegon circuit court, in chancery, for a writ of assistance to put him into possession of lot No. 8, block 156, revised map of 1903, in the city of Muskegon, which had been deeded to the State by the auditor general under the provisions of the general tax law in December, 1908. Following the deed to the State, the parcel was withdrawn from homestead entry by the auditor general and commissioner of the State land office, and afterwards restored to the market, and in October, 1909, was sold by the commissioner of the State land office to Alfred Davidson and Herman Woycke, who received a deed therefor; the same being issued in pursuance of section 131, Act No. 206 of the Public Acts of 1893, as amended. A year later, in October, 1910, Davidson and Woycke conveyed the same to petitioner, and he caused a demand for possession to be served upon the defendant, the former owner, who was yet in possession, at the same time exhibiting to him the deed from the commissioner of the State land office to Davidson and Woycke, and also their deed to petitioner. The defendant resisted the demand, and this proceeding was instituted, and, after a hearing thereon, it resulted in an order granting the writ. From this order, defendant appeals.

1. The sufficiency of the petition is attacked for want of proper allegations showing the regularity of the tax proceedings leading up to the giving of the deed by the commissioner. The petition alleged that the petitioner's grantors received a deed of the land in question from the commissioner of the State land office for the consideration of $225, in pursuance of section 131, Act No. 206 of the Public Acts of 1893, as amended, and that the same was duly recorded in the county of Muskegon on the 19th day of October, 1909, and that the said parcel was thereafter conveyed by Davidson and Woycke to petitioner; that following the conveyance to petitioner he caused a demand

for possession to be served on defendant, together with an exhibition to him of the aforesaid deeds.   These allegations were sufficient when considered in connection with Act No. 211 of the Public Acts of 1905 (1 How. Stat. [2d Ed.] § 2021), making the deed of the commissioner in such cases *prima facie* evidence of title in fee.   *Griffin* v. *Kennedy*, 148 Mich. 588 (112 N. W. 756) ; *Beuthien* v. *Dillon*, 160 Mich. 396 (125 N. W. 363).

2. The further objection is made that petitioner has mistaken his remedy; that a writ of assistance will not lie because that writ is always, under our practice, based upon a decree of the court; but that ejectment is the proper remedy.

Counsel, in making this point, overlook the fact that, when the State acquired the title to this lot, it was perforce of at least one decree of a court of equity, and it may have been perforce of more than one decree.   No reason is suggested under the general practice why the State would not have been entitled to a writ of assistance had it applied for one before it parted with the title.   If the State were entitled to the writ, it would follow that a court of equity would have the power to issue one in behalf of the grantee of the State.   3 Standard Enc. of Procedure, 143; *Ketchum* v. *Robinson*, 48 Mich. 618 (12 N. W. 877). But whether it is consistent with the general practice or not, the legislature having declared in positive terms that the purchaser may be put into possession by the circuit court, the question of practice must be regarded as settled.   Section 137 of the tax law (1 How. Stat. [2d Ed.] § 1907), provides that:

"The circuit court may, on application, put the purchaser of any lands sold under the provisions of this act in possession of the premises by writs of assistance."

Section 140 provides that no writ of assistance shall

issue until six months after the statutory notice shall be served, "except where such title shall be obtained under the provisions of section 131 of this act."

The title involved in this proceeding having been obtained under said section 131, there would seem to be no valid objection to the petitioner enforcing his right of possession by a writ of assistance.

3. Defendant offers various other objections to the validity of the commissioner's deed to petitioner's grantors; but it would be without profit to consider them, as we are of the opinion that he is in no position to contest the validity of the deed. The statute gave him six months after the deed to the State was recorded in Muskegon county to contest its validity. Having failed to question the proceedings within that time, he will now be precluded from doing so. Section 127, general tax law; *Beuthien* v. *Dillon, supra.*

The order is affirmed, with costs to the petitioner.

McALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, MOORE, and STEERE, JJ., concurred.