DARROW *v.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY CO.

1. TAXATION — TAX HOMESTEAD LANDS — STATE — TITLE — DEEDS —EVIDENCE—PRESUMPTIONS—BURDEN.
   . A deed from the State land commissioner, conveying to plaintiffs certain real property as tax homestead lands under section 127 of the tax law and under Act No. 211, Pub. Acts 1905 (1 How. Stat. [2d Ed.] §§ 1898, 2021), being in the usual form and reciting facts sufficient to show compliance with the statute, made a *prima facie* case of title in the grantee of the State who purchased the homestead property pursuant to law.

2. SAME—OCCUPATION—RAILROADS—ABANDONMENT.
   After six months from the date of recording the conveyance from the auditor to the State, its recitals of the finding and determination of the auditor general and State land commissioner that lands deeded to the State under section 127 of the tax law as tax homestead lands were unoccupied and abandoned lands became conclusive, notwithstanding that the examiner's report in the records of the land office showed that the lands were .occupied:

Act No. 84, Pub. Acts 1903, fixing a limit after which the validity of such deeds to the State may not be questioned. See 1 How. Stat. (2d Ed.) § 2060.

3. SAME.

Containing recitals of facts sufficient to warrant the State officials in classifying such lands as State homestead lands, the conveyance was not open to attack as not fair on its face. The finding of the auditor general and land commissioner that the land was unoccupied or abandoned was not void because conflicting with the report of the examiner, since their finding is not necessarily based on the conclusion of the latter officer.

4. SAME—LIMITATION OF ACTIONS—POSSESSION.

The fact of possession or occupancy by the owner did not operate to take the case out of the statute of limitations, and was not a reason for holding the provisions of law inapplicable on constitutional grounds. The owner had lost his rights by permitting the lands to be returned and sold for taxes, and was not entitled to hold possession.

ON REHEARING.

5. SAME—CONSTITUTIONAL LAW—DEEDS—LIMITATION OF ACTIONS —MISTAKE—DEFENSES.

Though the premises affected by the action of ejectment were in part occupied and used by defendant for station grounds, the deed issued to the State by the auditor general was fair upon its face, was recorded, and the statute of limitations (Act No. 84, Pub. Acts 1903) began to run; and the defense that the auditor's deed to the State was based upon a finding contrary to the report of the examiner, and contrary to the facts, or was the result of a mistake, is not available after the six-month period fixed by the statute has expired.

Error to Delta; Flannigan, J. Submitted June 20, 1913. (Docket No. 110.) Decided October 2, 1914. Resubmitted June 8, 1915. Former opinion reaffirmed July 21, 1916.

Ejectment by John Darrow and others against the Minneapolis, St. Paul & Sault Ste. Marie Railway

Company. Judgment for defendant upon a directed verdict. Plaintiffs bring error. Reversed.

*A. H. Ryall,* for appellants.

*Frank D. Mead,* for appellee.

BIRD, J. · Plaintiffs brought an action of ejectment to recover from defendant the possession of lots 9 and 10 of block 6 of the village of Rapid River, in Delta county. The defendant acquired the title thereto by warranty deed on September. 29, 1896. The lots were bid in by the State for unpaid taxes for the years 1897 to 1906, both inclusive. On April 29, 1910, the auditor general deeded the lots to the State, pursuant to section 127 of the tax law (Act No. 206, Pub. Acts 1893, 1 How. Stat. [2d Ed.] § 1898), which placed them in the list of tax homestead lands. This deed was recorded in Delta county on May 25, 1910. Subsequently they were released and sold to plaintiffs by the land commissioner on December 5, 1910. The plaintiffs made their case by introducing their deed in evidence. The defendant denied the validity of the deed, and offered in evidence certain records of the auditor general's office, which showed the report of the State land examiner to be as follows: "Owned by Soo Railway Company. Occupied by section foremen." In view of this report, it was defendant's contention that the auditor general had no jurisdiction to deed the lots to the State; that the deed was not fair on its face, and that the short statute of limitations (Act No. 84, Pub. Acts 1903 [1 How. Stat. (2d Ed.) § 2060]) did not apply to defendant. From a directed verdict for the defendant, plaintiffs bring error.

1. The deed from the land commissioner to the plaintiffs was in the usual form, and its recitals showed a compliance with the law. The introduction of it in evidence made a *prima facie* case for the

plaintiffs under the provisions of Act No. 211, Pub. Acts 1905 (1 How. Stat. [2d Ed.] § 2021). *Griffin* v. *Kennedy,* 148 Mich. 583 (112 N. W. 756); *Beuthien* v. *Dillon,* 160 Mich. 396 (125 N. W. 363); *Chiodo* v. *Williams,* 180 Mich. 367 (147 N. W. 492).

2. Conceding that the records of the auditor general's office disclose that the finding of the auditor general and land commissioner as to the occupancy of the lots was opposed to the finding of the examiner, was this defense open to defendant, unless made within the time allowed by the statute? We think not. The statute has fixed a period within which the validity of such deeds may be questioned, and that time is within six months after the deed from the auditor general to the State is filed with the register of deeds in the county where the lands are situate. Act No. 84, Pub. Acts 1903. The defendant having failed to embrace this opportunity, it is now precluded from doing so.

But it is argued that the deed is not fair on its face, and therefore the statute of limitations never commenced to run. The deed recited that:

"Whereas, the auditor general and the commissioner of the State land office have caused an examination of said lands to be made as provided in section 127 of Act 206 of the Public Acts of 1893, as amended by Act 107 of the Public Acts of 1899, and a certificate having been filed by the examiner showing said lands to be abandoned, and the auditor general and the commissioner of the State land office having found and determined that said lands have been returned and bid off to the State as above described; that they are abandoned, that no suit is pending in the county where said lands are situated to set aside the taxes or any of them on said lands or to remove the cloud occasioned thereby, and that no application has been made to pay said taxes or to purchase or redeem said lands."

It is said in *Fitschen* v. *Olson,* 155 Mich. 320 (119 N. W. 3), that:

"The mode of determining whether a deed is void upon its face 'is to test the deed by making a reference to the authority recited in it for making the sale, in connection with the act giving the auditor power to sell. When the sale is found not to be in accordance with that power, the deed is void upon its face, because the action of the auditor is illegal, and the law presumes it to be known to a purchaser.'"

Had the plaintiff followed this rule and had recourse to the law and records, he would have found that the auditor and land commissioner had the power to make the determination, and that they had made it, and determined that the lands were unoccupied and abandoned. Had he continued his investigation, he would have also found that the examiner reported the lots were owned by the defendant and occupied by the sectionmen, but he would have found no provision of law requiring the auditor general and land commissioner to make a finding or classification in accord with such report. Whether the finding of the auditor general and land commissioner should have been in accord with the finding of the examiner is a legal question, which the purchaser would not be presumed to decide at his peril. For these reasons we do not think we should hold that the deed was not fair on its face.

It is further contended that the statute of limitations (Act No. 84) does not apply to an owner in possession. The construction which has been placed by this court upon that statute is that the defendant by reason of its failure to pay its taxes, and by reason of its failure to redeem its premises from sale, has lost its rights to the State, and therefore, not being entitled to the right of possession, the law deems it has no legal possession. This question was fully discussed and considered in *Griffin* v. *Kennedy,* 148 Mich. 583 (112 N. W. 756), wherein it was said:

"Said section 127 provides that the determination heretofore mentioned shall be conclusive unless it is

assailed by suit within six months. As applied to this case, this provision required the defendant in possession to commence suit against an adverse title. This circumstance does not, in my judgment, render the provision unconstitutional under the principle recognized and applied in *O'Connor* v. *Carpenter,* 144 Mich. 240 [107 N. W. 913]. That principle is this:

"'One who is himself in the legal enjoyment of his property cannot have his rights therein forfeited to another for failure to bring suit against that other within a time specified to test the validity of the claim which the latter asserts, but takes no steps to enforce.' Cooley on Constitutional Limitations (6th Ed.), p. 449.

"That principle preserves the rights of the one in possession. It applies only where he has rights. In this case defendant in possession had no rights, and therefore the principle has no application."

Our conclusion is that plaintiffs' deed made a *prima facie* case, and, as the proofs stood at the close of the trial, they were entitled to a directed verdict.

The judgment of the trial court is reversed, and a new trial ordered.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, MOORE, and STEERE, JJ., concurred.

## ON REHEARING.

BIRD, J. The application for a rehearing in this case brought to our attention the statement that the lands involved herein were used by defendant in the operation of its railway. Fearing lest we had over-looked this point, we granted the application for a rehearing. Upon the rehearing it was pointed out by plaintiffs' attorney that this ground of relief was not raised by the defendant, either upon the oral argument or in its briefs in this court, and therefore could not, under the rule, be considered on rehearing, citing in support thereof *Hutchins* v. *Kimmell,* 31 Mich. 126 (18 Am. Rep. 164) ; *Smith* v. *Walker,* 57 Mich. 456

(22 N. W. 267, 24 N. W. 830, 26 N. W. 783) ; *Nissly* v. *Railway Co.*, 168 Mich. 676 (131 N. W. 145, 135 N. W. 268, Am. & Eng. Ann. Cas. 1913C, 719). Inasmuch as the validity of the taxes was not questioned, we think this point not material.

In considering the question as to whether the deed from the auditor general to the State was fair on its face, it was said, among other things, in the opinion, that had the plaintiff investigated "he would have found that the auditor general and land commissioner had the power to make the determination, and that they had made it, and determined the lands were unoccupied and abandoned." It is insisted that this statement is not in accord with the record, because the examiner's report (which was by reference made a part of the order of determination) stated that the lots were owned by the "Soo Railroad" and occupied by section foremen. Notwithstanding this statement, the auditor general and land commissioner found that the lots were subject to the provisions of section 127 of the tax law (Act No. 206, Pub. Acts 1893), and in pursuance thereof they were deeded to the State by the auditor general, and the land commissioner afterwards deeded them to the plaintiffs. These deeds were in regular form and contained the recital that the lots had been determined to be unoccupied and abandoned. Nothing appears upon the face of either deed to give plaintiffs notice that they were or might be irregular in any respect. The law makes these deeds *prima facie* evidence of title. Act No. 211, Pub. Acts 1905. Had defendant attacked the validity of the deed from the auditor general to the State within six months from the date of the recording thereof, the defects relied upon would have been available as a defense. Act No. 84, Pub. Acts 1903. Not having done so, it was precluded from making that defense. *Griffin* v. *Kennedy*, 148 Mich. 583 (112 N. W. 756). See, also, *Beuthien*

v. *Dillon,* 160 Mich. 396 (125 N. W. 363) ; *Chiodo* v. *Williams,* 180 Mich. 367 (147 N. W. 492).

The judgment of the trial court is reversed, with costs to the plaintiffs.

STONE, C. J., and KUHN, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred with BIRD, J.

OSTRANDER, J. (*concurring*). Former rulings of this court require us, in my opinion, to reach the conclusion announced by Mr. Justice BIRD. It should be stated, however, in order that the scope and effect of the decision may be properly understood, that the auditor general and land commissioner did not determine that the premises here involved were abandoned, but, on the contrary, they expressly found, as the examiner reported, that the premises were occupied. Plainly, a mistake was made when, after such a determination, the auditor general proceeded to deed the premises to the State. But, as is stated by Mr. Justice BIRD, the deed is fair on its face, it was recorded, and the applicable and invoked statute of limitations began to run. The passing of the period fixed by the statute has left defendant without remedy for the mistake referred to. It should be stated, also, that upon the trial the defendant offered testimony tending to prove that the land was not only occupied at the time it was deeded to the State as abandoned land, but was used by the defendant as a part of its station grounds. The auditor general thereafter, but at a time when it is conceded his action would not be effectual, issued a certificate of error.

For reasons assigned by a majority of the court in *Griffin* v. *Kennedy,* 148 Mich. 583 (112 N. W. 756), I concur in reversing the judgment.

STONE, C. J., and KUHN, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred with OSTRANDER, J.