LYON *v.* DENTON.

1. TAXATION—TAX HOMESTEAD DEED—VALIDITY.

Tax homestead deed, regular on its face, and containing recitals showing full compliance with all legal requirements, executed in 1928, is not subject to attack on ground that statutory certificate of auditor general and director of conservation was not signed by latter until in 1927, and after his retirement from office, although deed to State was executed by auditor general in 1923 (1 Comp. Laws 1929, §§ 3520–3522, 3527, 3724).

2. CONSTITUTIONAL LAW—STATUTES—TAXATION—TAX HOMESTEAD
   DEED.
   Statute providing for sale by State of lands bid off to it for de-
      linquent taxes (1 Comp. Laws 1929, § 3520), where owner has
      neglected to pay his taxes for five years and has abandoned
      said land, *held*, not violative of due process clause of Federal
      Constitution (14th Amendment).

Appeal from Midland; Warner (Glenn E.), J.,
presiding. Submitted January 6, 1933. (Docket
No. 66, Calendar No. 36,780.) Decided March 2, 1933.
Rehearing denied May 16, 1933.

Ejectment by Leo Lyon against Charles Denton
and another. Judgment for plaintiff. Defendants
appeal. Affirmed.

*Virgil W. McClintic* (*O. L. Smith,* of counsel), for
plaintiff.

*Wilson & Hoffman* and *O'Keefe & O'Keefe,* for
defendants.

*Patrick H. O'Brien,* Attorney General, and *Walter
A. Kirkby,* Assistant Attorney General, *amici curiæ.*

SHARPE, J. Plaintiff brought ejectment to recover
the possession of land in the county of Midland for
which he has a tax homestead deed, executed on
May 14, 1928, and recorded on December 11th of that
year. The defendant Charles Denton is the owner
of this land, as appears in the regular chain of title
thereto. May Denton is his wife. It is conceded that
the records in the auditor general's department show
that the provisions of 1 Comp. Laws 1929, §§ 3520–
3522 (Act No. 206, Pub. Acts 1893, §§ 127, 127a, 128,
as amended), under which such deed was issued,
have been complied with. The defense is based upon
the claim that the certificate of determination of the

auditor general and director of 'conservation, required by section 3520 to be made before the issue of such deed, was not signed by the director of conservation until after he had retired from that office on January 10, 1927. It is also urged that the amendment to the tax homestead law (Act No. 107, Pub. Acts 1899), hereafter referred to, is unconstitutional and void.

The trial court held that this act was constitutional. He also held that—

"The deed from the State to the plaintiff is regular in form; contains recitals showing full compliance with legal requirements, and is conclusive evidence of title in the grantee."

A judgment was entered for the plaintiff, from which the defendants have taken this appeal.

Section 3527, under which the plaintiff's deed was issued, provides:

"Such deed shall convey an absolute title to the lands sold, and shall be conclusive evidence of title in fee in the grantee. * * * And in all cases where. the lands have been taken as a homestead as set forth in last foregoing proviso, all actions of ejectment or to recover possession of said lands or to set aside the title of such homesteader by any person, firm or corporation claiming the original or government title, shall be commenced within six months after this act shall take effect, and not afterwards."

The deed from the auditor general to the State of Michigan was executed on November 16, 1923, and recorded on January 7, 1924. 1 Comp. Laws 1929, § 3724, reads, in part, as follows:

"After the expiration of six months from and after the time when any deed made to the State under the provisions of section one hundred twenty-

seven of act two hundred six of the public acts of eighteen hundred ninety-three, being the general tax law, and acts amendatory thereto, shall have been recorded in the office of the register of deeds for the county in which the land so deeded shall be situated, the title of the State in and to the same shall be deemed to be absolute and complete, and no suit or proceeding shall thereafter be instituted by any person claiming through the original or government title to set aside, vacate or annul the said deed or the title derived thereunder.''

This deed contains recitals of the facts which must exist under section 3520 to justify its execution. But counsel for the defendants insist that the recital of determination contained therein ''is not true'' because the signature of the director of conservation was not annexed thereto until after his retirement in January, 1927.

While it may well be said that there is conflict in the evidence as to when the determination was signed, we agree with the trial court that, if defendants' contention in this respect be sustained, it is not controlling of decision. Had examination been made of the records in May, 1928, when plaintiff secured his deed, a full compliance with all of the statutory requirements would have been revealed thereby. No imperfections appear on the face of his deed or of the deed to the State of Michigan. The statute under which plaintiff's deed was issued (section 3527) provides, as before stated:

''Such deed shall convey an absolute title to the lands sold, and shall be conclusive evidence of title in fee in the grantee.''

This statute and those limiting the right to attack the validity of deeds issued by the auditor general to the State have been many times considered by this

court. In *Chiodo* v. *Williams,* 180 Mich. 367, the purchaser under a State tax deed sought to recover possession by a writ of assistance. The regularity of the tax proceedings was questioned by the original owner. The court said:

"The statute gave him six months after the deed to the State was recorded in Muskegon county to contest its validity. Having failed to question the proceedings within that time, he will now be precluded from doing so. Section 127, general tax law."

See, also, *Darrow* v. *Railway Co.,* 188 Mich. 664.

That plaintiff's deed was not subject to the attack made upon it has been many times decided. In *Grand Rapids Trust Co.* v. *Doctor,* 222 Mich. 248, 255, it was said:

"The deed from the land commissioner to Torrent was in full form with recitals showing compliance with the law. As such it could not be and was not questioned. When introduced in evidence, it not only made a *prima facie* case for plaintiff, but was, under the statute, conclusive evidence of title in fee in the grantee."

The earlier cases were reviewed at some length in the recent case of *Price* v. *Stark,* 259 Mich. 407. It was there said:

"These decisions seem conclusive that the rights of a former owner have been absolutely cut off by a deed from the State of State tax homestead lands where no attack is made upon it within six months after its execution."

Under section 127 of the general tax law (Act No. 206, Pub. Acts 1893), before delinquent lands could be deeded over to the State and become State tax

homestead lands, it must have appeared that they were "barren, swamp or worthless lands," and had been abandoned by the owner. This section was amended by Act No. 107, Pub. Acts 1899 (1 Comp. Laws 1929; § 3520). The first sentence thereof now reads as follows:

"Lands delinquent for taxes for any five years, where said lands have been sold and bid off to the State for the taxes of one or more of the said years, and then so held, and no application having been made to pay, purchase or redeem the said lands for said taxes and no action pending to set aside such taxes or to remove the cloud occasioned thereby, shall, within the meaning of this act, be deemed abandoned lands, unless such lands are actually occupied by the person having the record title thereto."

Counsel for defendants claim that this amendment "violates the Federal Constitution." While not so stated, we assume that the due process provision (14th Amendment) is referred to. The omission of the words "barren, swamp or worthless" from the finding required to be made does not, in our opinion, affect the constitutionality of the amendment. Such land, when deeded over to the State, is subject to sale, and is often purchased, as was that here involved. Unless needed as part of a reserve or for other special use, the State does not want the lands. If only those found to be "barren, swamp or worthless" are included, then but few, if any, descriptions would be sold. The purpose of this omission seems clearly to have been to enable the State, by proper proceedings, where the owner has neglected to pay his taxes for five years and has abandoned the land, to sell the same, but such sale may not be had at less than an appraised value which has been placed thereon. By such sale the State will not only secure

the payment of the whole or at least a part of the delinquent tax, but have a person in ownership thereof who will probably see that no such delinquency again occurs.

This case was tried by the court without a jury. Its findings of fact were justified by the evidence submitted, and its judgment, rendered in favor of plaintiff, is affirmed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.